## JACOB GLOVER v. ELIAS HEDGES.

On a petition and order for rehearing generally, the whole case is open; and the party supposing himself aggrieved, has a right to insist on a reconsideration of any part of it.

On a bill for relief against a verdict and judgment at law, the verdict must be taken as conclusive upon the facts before the jury : there can be no appeal to a court of equity, by way of new trial.

There are cases, nevertheless, in which the court will interfere to prevent fraud or gross injustice : where there has been a fraudulent concealment of facts on the part of the plaintiff, and a judgment obtained against conscience, equity will relieve.

It must appear, however, that the party seeking relief has used all proper diligence to defend himself at law : the possession of new testimony, which with proper care, might have been produced before, is no ground for a new trial at law, much less for an equitable interference with the judgment.

The court ought to be perfectly satisfied of its grounds, before it undertakes to defeat the right which a party has acquired by the verdict of a jury; especially, when such verdict is the result of an investigation of facts. There ought to remain no reasonable doubt.—The new discovered evidence produced in this case, not being sufficiently certain to rest upon, the bill was dismissed, but without costs.

THE original bill in this case was filed by Jacob Glover against Elias Hedges, for an injunction, and for relief against a judgment obtained by said Hedges against Glover, in the common pleas of Morris county, for wrongfully cancelling a bond and mortgage given by Samuel Hedges to the said Elias for four hundred dollars, (on which about three hundred was due,) and by him deposited with Glover as collateral security for the payment of a note given by Elias Hedges and Jacob Cory to Glover, for three hundred dollars. The bill charged, that by a certain agreement between Samuel Hedges and the complainant, made with the knowledge and approbation of Elias Hedges, this mortgage was to be cancelled. That Elias, in the purchase from Samuel, of a place called the Frederick farm, had received satisfaction for all his responsibilities for Samuel, and for the debt secured by this mortgage ; which fact the plaintiff had concealed until after he obtained the judgment against the complainant.

The defendant, in his answer, denied any agreement on his part

15

Oct. 1830.

Glover
v.
Hedges.

that the bond and mortgage should be cancelled. He alleged, that after the note given by himself and Cory to Glover was discharged, the bond and mortgage was to be redelivered to him, to be held by him as collateral security for the payment by Samuel, of three notes given by Samuel, and himself as his security, to Glover for fifty dollars each, amounting to one hundred and fifty dollars, which notes were given for the balance then due from Samuel to Elias, on the bond and mortgage, and from Elias to Glover on the Cory note—both having been reduced by payments to that sum ; that Glover had sued, and obtained a judgment against Samuel and Elias on these notes in the Morris pleas, and issued execution, and Elias had paid the amount to the sheriff : that Samuel was insolvent, and Elias had no prospect of recovering back the money so paid, unless he could collect it on the judgment against Glover for cancelling the mortgage which was to have been his security. He denied that he had received satisfaction for this in the purchase of the Frederick farm, or in any other way.

Witnesses were examined and the cause heard before the late chancellor, in July, 1826, and in October following the complainant's bill was dismissed.*

In February, 1827, the complainant filed a petition for a rehearing, setting forth

1. That he was advised and believed he would, upon a review of the evidence in the case, be able to satisfy the court that the defendant, before the recovery at law of the judgment against complainant, had received satisfaction for what he so recovered.

2. That since the hearing of the cause, he had discovered, that he could prove by several respectable witnesses, that the defendant had admitted to them that he had received such satisfaction in the purchase of the Frederick place ; which complainant did not know before.

Upon this petition a rehearing was ordered. In September, 1827, the complainant filed a supplemental bill, charging, that he hoped and expected satisfactorily to prove by the newly discovered testimony of several witnesses, not only that the bond and mortgage from Samuel to Elias Hedges should be cancelled, but that Elias had received payment and satisfaction of the

*See this case, ante.

monies for which he was security for Samuel, in the purchase from him of the Frederick farm ; that the judgment was obtained against him, after full satisfaction of the pretended cause of action had been received, by fraud and concealment of the fact that such satisfaction had been received. The supplemental bill was taken pro confesso, in April, 1828, and a farther examination of witnesses ordered. Witnesses were accordingly examined, and the cause came on to be reheard upon the original bill, answer and depositions, and petition and order for rehearing, and the supplemental bill and depositions.

*W. Chetwood*, for the complainant.

The bill seeks perpetually to enjoin E. Hedges from proceeding on the judgment against the complainant in the common pleas of Morris, or to obtain a satisfaction of that judgment as being fraudulently obtained. A court of equity may enjoin proceeding on the judgment, or order satisfaction to be entered, upon proper grounds, such as we apprehend exist in the present case. Glover held three promissory notes against Samuel and Elias Hedges, amounting to one hundred and fifty dollars ; he prosecuted the notes, and obtained judgment in the Morris pleas. Elias Hedges then prosecuted Glover, in an action on the case, for cancelling the mortgage from Samuel Hedges to Elias, which had been deposited in Glover's hands as collateral security for Elias Hedges and Jacob Cory's note ; pretending that, after that was discharged, the mortgage was to be returned to him, and held as collateral security for his responsibility for Samuel Hedges on these notes to Glover. At the trial Glover had no evidence to show that Elias had received from Samuel satisfaction for all responsibilities for him, and especially for this very engagement for which he pretended the mortgage was to be held as his security : and a verdict and judgment was obtained against him. If we can show, that in the arrangement by which the Cory note was extinguished, it was agreed between Samuel Hedges and Glover, with the knowledge and approbation of Elias, that this bond and mortgage was to be cancelled when a settlement between Samuel and Elias took place, and that it did take place ; and further, that Elias had received from Samuel, in the purchase of the Frederick farm, satisfaction

for all his responsibilities for Samuel, and of this mortgage debt ; and that this fact was concealed by Elias until after the judgment was obtained ; then the judgment is without any foundation in justice, is fraudulent, and the complainant is entitled to relief. Of these facts there was strong evidence on the former hearing : the only way in which the defendant attempted to answer it, was by endeavouring to discredit some of the complainant's witnesses, and raise doubts in the mind of the court. Although he succeeded in this, we apprehend a review of the whole case, and consideration of the newly discovered evidence adduced under the supplemental bill, will be sufficient to remove all doubts ; and satisfy the court, that the complainant is entitled to relief.— [Here the counsel adverted to the evidence, which was voluminous : the purport of that most material, appears in the opinion of the court. The counsel proceeded.] This court has power over a judgment at law, and may relieve against it. 1 *Mad. Ch.* 236–7. It will relieve against a judgment obtained against conscience, by concealment. 1 *Ves. jr.* 135. If the plaintiff knew at the time that the judgment was wrong, the complainant is entitled to relief.

*S. Scudder,* for the defendant.

A court of equity may give relief against a judgment at law on certain grounds, such as concealment on the part of the plaintiff of material facts not within the knowledge of the defendant ; for such concealment is fraud. The proof, however, must be beyond all doubt. But when, as in this case, there has been a judgment on a verdict, a rule to show cause argued, and a new trial refused, a court of equity cannot review the judgment, and say that the court of law decided wrong upon the matter before it. The original bill does not present a case sufficient to entitle the complainant to relief. It charges that it was agreed between Samuel Hedges and Glover, that the mortgage from Samuel to Elias Hedges should be cancelled. This was not obligatory upon Elias ; he had deposited the mortgage in Glover's hands as collateral security : when that object was answered, he was entitled to a return of the bond and mortgage. But it is added that this part of the arrangement between Samuel and Glover was known to Elias. If it was, that could not affect his rights. The bill does

not place the complainant's claim to relief on the ground of latent fraud or concealment; but says the judgment was without color of right, and insists that the court and jury were clearly wrong. This is not sufficient. The petition for rehearing is also insufficient. This cause has been heard, and a decree passed; after this there cannot be a rehearing upon the merits of the case generally, except on special grounds, such as a deposition or exhibit being lost or mislaid, and omitted to be read on the hearing, so that the cause was not fully before the court. To obtain a rehearing on other grounds, the petition ought to state expressly the point on which the chancellor was mistaken. *Rules Ch.* 57–8–9 and 60; 2 *Mad. Ch.* 370–1. In this case, as to what passed at the former hearing, it merely states that complainant is aggrieved by the decree, and hopes by a review of the evidence to be able to satisfy the chancellor that he is right. As to new matter, the petition states, and the amount of the supplemental bill is, that complainant expects to be able to prove that the bond and mortgage of Samuel to E. Hedges was paid by the purchase of the Frederick farm. But there is no new matter disclosed by the depositions. The evidence of Britton and Griswold, the witnesses relied on, was not newly discovered matter : the defendant was apprized of this before, and might have produced the evidence on the former hearing. It is never cause for a new trial at law, or rehearing in equity, that there is evidence of new matter, which by due diligence might have been produced before. Another objection to Griswold's evidence is, that it is giving in evidence the declaration of Samuel Hedges, who gave the bond and mortgage in question, and was directly interested in saying that Elias had no interest in it. Nor can this evidence now be received to impeach the credit of Samuel Hedges, as a witness formerly examined. A court of law will never give a party a new trial to enable him to discredit a witness. 3 *John. R.* 253; 4 *John. R.* 425; 5 *John. R.* 248. In 14 *John. R.* 186, it was admitted, under very peculiar circumstances. The rule in equity is laid down in 8 *Ves. jr.* 324. After publication passed, the party may have liberty to prove the general character of a witness, but not to contradict a particular fact. But after final decree, it is too late to do either. This objection applies to all the other witnesses examined under the supplemental bill, except

Britton. The testimony of Britton is too vague and uncertain to be relied on. His impressions, derived from conversations with Samuel *or* Elias Hedges, *or* one of them, are very indistinct. Suppose it was from Elias that he understood that Elias had purchased the Frederick farm to save himself against responsibilities entered into for Samuel : that did not authorize Glover, if the responsibilities were satisfied, to destroy the bond and mortgage, which was the property of Elias. It was Glover's duty to return them to him, after the end for which they were deposited in his hands was answered.

*Chetwood*, in reply.

We do not pretend that the court can grant a new trial, or reverse the judgment at law ; but it can review the former decree in this court, and rehear the case on the merits generally, without new matter. It was done in this court in the case of *Williamson* and *Crane*. The rule is laid down correctly in *Coop. Eq. P.* 93. The sufficiency of the petition, or propriety of the order for rehearing, cannot now be questioned. By the order the whole case is open ; and if the complainant, upon the original case, or under the supplemental bill, is entitled to relief, the court will grant it.

THE CHANCELLOR. The object of the bill in this case, is to obtain relief, either by perpetual injunction, or otherwise, against a judgment obtained in the common pleas of Morris county, by Elias Hedges, the defendant in this suit, against Jacob Glover, the complainant ; on the ground that the verdict and judgment, were obtained in the court of common pleas, by a fraudulent concealment of facts, and is therefore unconscientious. The complainant alleges, that he was unable to make the necessary proof on the trial at law ; but has since discovered evidence to show satisfactorily, that the judgment is entirely without foundation, and ought not in justice or equity to be sustained or enforced. The gravamen of the bill is, that the defendant obtained a judgment in the pleas, against the complainant, for two hundred and twenty-three dollars, for improperly cancelling a certain bond and mortgage, theretofore given by one.

Samuel Hedges to Elias Hedges, which was deposited by Elias Hedges in the hands of Jacob Glover, as a collateral security, and which has actually been paid, by Samuel Hedges to Elias Hedges, and therefore properly cancelled by Glover.

On the other hand, the defendant, Hedges, insists, that he has an interest in the mortgage, and by the agreement of his brother Samuel, and with the knowledge of the complainant, he was justly entitled to it, as a collateral security, for certain responsibilities entered into for Samuel : that he has paid money for Samuel to the amount of the mortgage, and must lose it, unless he can be permitted to collect and receive the money on the judgment recovered against Glover, for the improper cancellation.

A jury of the country, upon an investigation of the facts, have declared, that the bond and mortgage were wrongfully cancelled, and they have assessed the amount of the plaintiff's damages. The verdict must be taken as conclusive, upon the facts before the jury. There can be no appeal to this court by way of new trial. There are cases, nevertheless, in which this court will interfere, to prevent fraud or gross injustice. Where there has been a fraudulent concealment of facts, on the part of the plaintiff, and the judgment obtained against conscience, equity will relieve. *Stander* v. *Edwards*, 1 *Ves. jr.* 113 ; 1 *Mad. Ch.* 236-7. It must appear, however, that the party seeking relief, has used all proper diligence to defend himself at law. The possession of new testimony, which with proper care might have been procured before, is no ground for a new trial at law, much less can it form the ground for an equitable interference with the judgment.

Much testimony was taken by the parties : after the evidence was closed, the cause came on to be heard ; and in 1827 it was decreed that the bill should be dismissed ;—the court being of opinion, that the complainant had not made out his case. A petition for a rehearing was filed, in which it was stated that new and material evidence has been discovered, by which the complainant would show conclusively, that the plaintiff below had received satisfaction for the money recovered of the defendant. The petition, signed by two counsel, was granted as of course. A supplemental bill was then filed, and under this a new volume

of evidence has been taken, much of which consists of an at-tack upon, and defence of, the witnesses before examined : nei-ther a profitable nor commendable mode of proceeding at this stage of the cause.

The cause has been heard a second time. It was objected by the defendant, that the cause could not be reheard on the merits, but that the complainant must be confined to his new matter. This is not so. On an order for rehearing generally, the whole cause is open, and the party supposing himself ag-grieved, has a right to insist on a reconsideration of any part of it. I have accordingly reviewed the whole of the evidence.

Two questions arise.

1. Was the former decree right ?

2. Is the additional and newly discovered evidence, sufficient to warrant an alteration ?

As to the first, I have no difficulty in saying, I am satisfi-ed with the decree formerly made. The case as presented was certainly not a clear one ; and I think this court should be per-fectly satisfied of its ground, before it undertakes to defeat the right, which a party has acquired by the verdict of a jury ; es-pecially when such verdict is the result of an investigation of facts, which it is so peculiarly the province of a jury to pass up-on, and for the ascertainment of which that tribunal is so ad-mirably adapted.

2. Is the additional evidence such as to warrant an alteration of the decree ?

The testimony of Chauncey Griswold is relied on, as furnish-ing evidence sufficient to show, that the recovery in the Pleas was wrong and unconscientious. It proves the confession of Samuel Hedges, that he and his brother Elias had settled, and that the old mortgage was paid. The witness says, that this was known to Glover before the trial at law, but he was told the evidence could not be received then. That was certainly cor-rect : Samuel Hedges was not sworn as a witness in that case, and his allegations could not be received against his brother ; but this witness, Chauncey Griswold, was sworn and examin-ed in this cause, before the first hearing, and immediately af-ter Samuel Hedges. Why was not this evidence given at that time ? Griswold says, he was not asked as to that matter. If

this be so, and it appears to be, from the examination itself, why did not the defendant, Glover, cause him to be examined on that subject? The fact was known to Glover, why was it withheld?

I cannot consider this as newly discovered evidence. It is not within the petition for rehearing, or the supplemental bill. No reason was assigned why it was kept back; and to receive it at this time, and under these circumstances, would be a precedent of dangerous tendency.

The new evidence relied on by the complainant, is that of Abraham Britton. He testifies that he cannot say distinctly what he has heard from Elias and Samuel Hedges, about the purchase of the Frederick place. His impression, derived from conversations with one or both of them, is, that Elias purchased the place to secure himself from responsibilities entered into by him for Samuel. This is too indefinite to be of any weight. He speaks merely of an impression derived from conversations with one or both of them. If derived from one only, and that one Elias Hedges, it is not competent evidence; if from Samuel Hedges, it is not sufficiently certain to rest upon.

From the best view I have been enabled to take of this case, I think it is not made out satisfactorily, even with the help of the additional evidence. There ought to remain no reasonable doubt.

Let the bill be dismissed, without costs.