Toof
v.
Bently.

## TOOF vs. BENTLY and HARRIS.

An execution on a justice's judgment for a sum exceeding $50, made returnable in *sixty* instead of *ninety* days, is no justification to a constable for acts done by him under it.

A justice of the peace has no power to make an *amendment* in an execution issued by him, after the same has been executed.

Where, in a plea of justification, a justice's execution is described as returnable in *ninety* days, and the execution produced is returnable in *sixty* days, the variance is fatal, and the execution will not be *received* in evidence.

ERROR from the Dutchess common pleas. Toof sued Bently and Harris in trespass for breaking open his blacksmith shop and taking and *converting to their own use* certain tools and other property there found. The defendants justified under a judgment and execution in favor of Bently against Toof. The judgment was obtained in a justice's court for $50,87, an execution was issued thereon, made returnable in *sixty* instead of *ninety* days; it was delivered to a constable on the 30th June, 1827, who, on the 28th September following, returned it *nulla bona*. On the 6th May, 1828, Bently procured the *same execution* to be renewed by the justice, and it was delivered to Harris, a constable, to be executed. Harris, on the next day, levied upon the property in question, and advertised it for sale. On the 8th May, the property was locked up in Toof's blacksmith shop, and Toof refusing to open the shop, Harris broke it open, took the property and sold it on the 14th May, and Toof brought his suit. On the 24th May, 1828, *after* the commencement of the suit for the trespass, the justice, on application to him by Bentley, *altered* the execution so as to make it returnable in *ninety* instead of *sixty* days. In the plea of justification, the execution was described as returnable in *ninety* days. The common pleas decided that the justification was made out and that the defendants were entitled to a verdict, and so charged the jury, who found for the defendants. The plaintiff excepted and sued out a writ of error.

*C. Johnston,* for plaintiff in error.

*S. Eno,* for defendant in error.

*By the Court*, SAVAGE, Ch. J. The justice had jurisdiction; the judgment was regular. If the execution had been returnable in *ninety* days, the officer would have been justified. The defendant in the execution (the plaintiff here) was not injured by the error in the return of the execution; but it is well settled that inferior and limited jurisdictions must be confined strictly to pursue the authority given them. The justice had no more authority to issue an execution, in the case before him, returnable in 60 days than in 30 days or even in 10 days; and surely such an execution would be no protection to the officer, because on the face of the process it was not such an one as the justice had authority to issue upon such a judgment. In my opinion, therefore, the execution was no justification.

On the ground of variance also, the execution was not properly admissible. The plea described an execution returnable in 90 days, that produced was returnable in 60 days. The defendants below could derive no advantage from the alteration in the execution made after it had been executed. Under such circumstances, the justice had no power to amend it. Courts of record have power to make such amendments, and usually, in cases of mistake, require a stipulation not to prosecute. A justice has no such power, and can require no such condition. The execution, therefore, was not such an one as that set forth in the plea.

Judgment reversed, and *venire de novo* to Dutchess common pleas.