## FARR & EMMONS *vs.* SMITH.

One *tenant in common* of a chattel cannot bring *trover* against his co-tenant for dispossessing him; if the chattel be destroyed or *sold*, which is constructively a destruction, the action lies.

A *justice's execution*, which should be made returnable in 90 days, is *void* if made returnable in 30 days, and a *creditor* as well as the defendant in the execution may take the objection.

ERROR from the Seneca common pleas. Smith sued Farr and Emmons in an action of *trover* for taking a quantity of wheat in the sheaf cut by the plaintiff and left standing in the field. The plaintiff shewed title to the wheat by virtue of a purchase made 27th May, 1830, under an execution on a judgment in his favor against one *David Jones*, obtained on attachment; the judgment was for $41,88, and the execution issued thereon was returnable in *thirty days*. He also claimed under a *mortgage* of the wheat executed by Jones to one Swick, bearing date 9th October, 1829, to secure the payment of $60 on the 9th October, 1830, and authorizing Swick to take possession of the wheat at harvest time and retain the same until the mortgage money was paid, which mortgage was in August, 1830, assigned to the plaintiff. The wheat in question had, in the autumn of 1829, been sowed by Jones on a farm then in the possession of one *Kelly*, on shares, Jones to have one third of the crop, and each to harvest his own share. When the wheat was ripe, in 1830, one third of the crop was cut and left on the field by Smith, from whence it was taken by the defendants. In their defence the defendants contended that the execution in favor of the plaintiff against Jones was void, having been made returnable in *thirty* instead of *ninety* days; the court decided that none but the defendant in the execution could object to the execution on that account. The defendants next shewed that on the day the mortgage from Jones to Swick fell due, they tendered to the plaintiff $60, in satisfaction of the same, which was refused to be accepted, the defendants being unwilling to pay the costs which had then accrued in this suit. The court decided the tender to be insufficient. They next shewed a judgment

and execution in favor of Emmons against Jones, obtained on attachment, and a sale of the wheat in question to Emmons previous to 1st June, 1830; which attachment in favor of Emmons, although served on the same day that the attachment in favor of Smith was served, was subsequent in point of time. The defendants also shewed that on the 14th March, 1829, the date of the agreement between Jones and Kelly relative to the putting in of the crop, Kelly was the tenant of *John DeMott;* that in October, 1829, De Mott entered into a contract for the sale of the farm on which the crop had been put in, to *Emmons*, one of the defendants, without any reservation of crops; that in December, 1829, Emmons contracted to sell the same premises to *Farr*, the other defendant, who early in the next spring entered into possession, until when, Kelly had remained on the farm, having been in possession for 12 years. It also appeared that in October, 1829, Kelly assigned his interest in the agreement between himself and Jones to Emmons. The plaintiff had a verdict for $94,18, on which judgment was entered. The defendants sued out a writ of error.

A. *Gibbs*, for plaintiffs in error.

W. B. *Canfield*, for defendant in error.

*By the Court*, SAVAGE, Ch. J.   The plaintiff below undertook to shew title to the wheat in two ways: 1. By a judicial sale under his judgment and execution; and 2. As assignee of a mortgage.   By the first, he acquired no interest in the wheat; and the execution being returnable in 30 instead of 90 days, was unwarranted by the statute, and void, 5 *Wendell*, 276; but by the mortgage, of which the plaintiff was assignee, he did become entitled to take possession of Jones' part of the wheat, and this title is older than that of the purchase by Emmons under his judgment and execution. On the supposition, therefore, that Kelly and Jones were entitled to the crop, Smith, the plaintiff below, having the interest of Jones, was the owner of one third of the wheat, and the other two thirds belonged either to Emmons, as the assignee of Kelly's interest, or to Farr, to whom Emmons had sold the

farm, without any reservation of the crops. The defend-
ants therefore, or one of them, were tenants in common
with the plaintiff of the wheat. By the contract, Jones
was to harvest one third and Kelly two thirds, but their inter-
est was joint until a division; of the wheat, which was cut,
the defendants were the owners of two thirds, and the
plaintiff was owner of the remainder. The law is well set-
tled that one tenant in common of a chattel cannot bring
trover against his co-tenant for dispossessing him. If one
tenant in common of a chattel destroy or sell, (which is con-
structively a destruction,) then he is accountable in this ac-
tion. 9 *Cowen*, 230. 3 *Johns. R.* 175. 15 *id.* 181. As
this point disposes of the whole case, it seems unnecessary
to consider the nature of Kelly's tenancy. The tender up-
on the mortgage was certainly ineffectual, as this suit was
then commenced and there was no offer to pay the costs.

Judgment of Seneca common pleas reversed with single
costs, and the costs to abide the event of a new trial.