JOHN C. FOSTER, Respondent, *v.* GEORGE J. MAGEE, and others, executors, &c., of JOHN MAGEE, deceased, Appellant.

(GENERAL TERM, SEVENTH DISTRICT, DECEMBER, 1869.)

One of two owners in common of a chattel, being in sole possession, let it for an agreed price. The hirer was ignorant of the ownership in common, but being afterward notified of it, refused when the hire was due, to pay his bailor more than that portion thereof, which represented the latter's interest; the bailor sued to recover the balance, and the hirer set up an assignment of the same from the other owner in common, and that upon an accounting for profits of the chattel, a balance would be found due to him as such assignee, but failed to establish the latter allegation.—*Held*, that the bailor could recover the balance of the price agreed.

APPEAL from a judgment entered on the report of a referee.

The facts found by the referee were substantially these: On the 9th of November, 1857, the plaintiff owned the half of a horse-power dredging machine, used in excavating earth under water, in common with one Osgood, who owned the remaining half. The plaintiff was in sole possession, and for a year previously had been; and during that time he had individually made large outlays for its repairs and expenses, and there was an unliquidated account between him and Osgood for the receipts, and disbursements and profits and loss of the machine.

On the day above named the plaintiff entered into a written contract with the defendant's testator, John Magee, to hire

out the dredge to him, at a stipulated price per day, to do certain work at the head of Seneca lake, and it was soon afterward delivered to Magee, and he had the use of it under the contract. While he was using the machine, and about the 15th of February, 1858, Osgood gave Magee notice that one-half the dredge belonged to him, and demanded that one-half the earnings should be paid to him, of which notice and demand Magee immediately notified the plaintiff. Before that time Magee made payments on the contract to the plaintiff, but after the notice he declined to pay him beyond one-half the contract price unless indemnified against the claim of Osgood. On the 16th of June, 1858, Osgood sold and assigned to Magee his half of the dredge, and his share of the rent and earnings thereof from the 9th of November, 1857, to the 1st of June, 1858; and on the 17th of the same month the plaintiff sold to Magee his half of the dredge. On the 13th of July, 1858, the plaintiff and Magee met and agreed upon the amount which the machine had earned while in the possession of Magee under the contract, and Magee paid to the plaintiff a sum, which, with the previous payments, made one-half of such amount, the latter still insisting that he was entitled to receive the whole. The referee reported in the plaintiff's favor for $496, the balance unpaid, with interest from 13th of July, 1858. Magee died during the pendency of the action, and the present defendants, his executors, were substituted in his place.

The appeal was submitted on printed briefs.

*D. Rumsey*, for the appellants.

*H. V. Howland*, for the respondent.

Present—E. D. SMITH, JOHNSON and J. C. SMITH, JJ.

By the Court—JAMES C. SMITH, J. There is nothing in the case to relieve defendants from the full force and effect of the agreement which their testator made with the plaintiff,

unless it is to be found in the fact, that after such agreement was made and fully executed on the part of the plaintiff, Magee acquired the interest of Osgood in the dredge and its earnings. What right had Osgood in respect to the contract? He was not a party to it, nor mentioned in it. The bare fact that he and the plaintiff owned the dredge, as tenants in common, gave him no right to sue upon the contract, or to collect the earnings of the machine, or any portion of such earnings, to the exclusion of the plaintiff. His right was to require the plaintiff to account to him for his proportion of the earnings. When the contract was made, the plaintiff had possession, in fact, of the machine, and delivered it to Magee in pursuance of the contract. True, his possession was, in law, that of both owners in common, as between themselves; but that circumstance does not affect the legal rights of the parties to the contract, so far as the contract is concerned. The plaintiff's possession of the dredge was not wrongful as to Osgood, nor was his hiring of it to Magee. Osgood could not have maintained an action to recover the possession of the machine, either as against Foster (2 Johns., 468; 9 Wend., 338), or as against Magee, who was Foster's bailee. (13 N. Y., 173.) Magee did not contract with Osgood, nor did he know, at the time, that Osgood had any interest in the machine. In short, there was no privity between Osgood and Magee, and Osgood had no right to call on the latter to pay to him for the use of the machine, unless upon equitable grounds, not appearing in the case, such as the insolvency of Foster, and the consequent danger of loss to Osgood, in case of a balance due him from Foster upon an accounting between them.

By the assignment from Osgood, the defendants' testator only acquired such rights in the machine and its earnings as Osgood then possessed. His liability upon the contract, which, as has been said, was then fully executed on the part of the plaintiff, was not affected in any respect, except that as the assignee of Osgood, he acquired a right to call on the plaintiff to account, and pay over any balance due from him, on account of the earnings of the machine, including its

earnings under the contract in question, and that right he could set up as an equitable defence to an action on such contract, as was done by the answer in the present suit. The defendants, however, do not appear to have insisted, at the trial, upon their right to have an accounting, but they rested their defence upon grounds entirely independent of the state of the accounts. They did not examine the plaintiff nor any other witness as to the accounts, nor has the referee found anything on that subject, except that the plaintiff had expended a large amount for repairs, and there was an unliquidated amount between him and Osgood. The plaintiff, however, testified in his own behalf, on the subject, and his testimony tended to show that the balance of accounts is in his favor.

It follows from these views, that there is certainly no legal defence, and so far as appears, no defence in equity, to the strict legal obligation created by the contract of the defendants' testator.

The judgment should be affirmed.

Judgment affirmed.