HENRY W. SHARP, Appellant, *v.* H. A. BENOIST, Respondent.

October 28, 1879.

1. A sale and delivery of a chattel by one tenant in common is effectual to pass the interest of the vendor; the vendee becomes part owner in possession, and the other co-owner has no right of action against the vendee, neither at law nor in equity, to recover possession.

2. Such a sale and delivery, if unauthorized by the co-tenant, is a conversion which will warrant an action of trover against the vendor, but leaves the vendee in the position theretofore occupied by the vendor.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

WALDO P. JOHNSON, for appellant.

T. J. ROWE, for respondent.

HAYDEN, J., delivered the opinion of the court.

This is a petition in the nature of a bill in equity by which the plaintiff seeks to establish title in a trotting mare, of one half interest in which he claims he has been deprived by a pretended sale of the mare from one Hathaway to the defendant. In June, 1876, the plaintiff, being then the owner of the mare, sold one half interest in her to Hathaway, and it was then agreed between Hathaway and the plaintiff that the former should take charge of the mare and train her, and that the two should share in her expenses and earnings. Hathaway took the mare, and she was carried to various fairs. Afterwards, Hathaway made a sale of the entire animal to the defendant, who paid Hathaway $450 and received her. The plaintiff never gave Hathaway authority to sell his (the plaintiff's) half interest in the mare, and there is evidence tending to show want of good faith in the purchase and removal of the mare, so far as the plaintiff's interest in her is concerned. The petition admits that by virtue of the purchase the defendant became owner of one half of the mare, asks for the appointment of a receiver, and for the sale of the mare. The court found for the defendant, and there was judgment accordingly.

The point made by the defendant is, that, there being a partnership between the plaintiff and Hathaway, the latter had a right to sell the mare. But it is obvious there was no partnership in the mare, as to which the two were merely tenants in common, and that neither could dispose of the property of the other part owner.

But it was clearly on a different ground that the court below decided for the defendant. Hathaway's sale could not convey the plaintiff's interest, but it could and did convey Hathaway's interest. This Hathaway had a right to sell, and the defendant to buy. The defendant here

became part-owner with the plaintiff, and the defendant had the possession. What right of action, then, has plaintiff against the defendant? The plaintiff's right is to "take possession when he can see his time;" and the present inconvenience to him is such as may result to any tenant in common of chattels, whose co-tenant has sold his interest to a third person. The plaintiff has no cause for action in law, nor any foundation for a claim to equitable relief. The defendant holds only what in law he is entitled to hold, and the pretence that he owns the plaintiff's interest in the mare, however unfounded, does not deprive the defendant of rights which the law gives him.

It was the act of Hathaway, not that of the defendant, — who had a right to possession when he got it, — that gave the plaintiff a cause of action. Though formerly doubted, it is now settled in this country that an authorized sale of the whole chattel by one tenant in common is, when carried into effect, such a conversion as enables the other tenant in common to maintain trover against the seller. *White* v. *Osborn*, 21 Wend. 72 ; *Weld* v. *Oliver*, 21 Pick. 559 ; *Farr* v. *Smith*, 9 Wend. 338 ; *Hyde* v. *Stone*, 7 Wend. 354 ; *Wilson* v. *Reed*, 3 Johns. 175. See *Barton* v. *Williams*, 5 Barn. & Ald. 395 ; *Farrar* v. *Beswick*, 1 Mee. & W. 685, per Parke, B. ; *Mahew* v. *Herrick*, 7 C. B. 229.

The judgment is affirmed. All the judges concur.