ISAAC W. WINNE, Appellant, *v.* DAVID HOUGHTALING, Respondent.

*Execution against the person — renewal thereof by a justice of the peace — when void and insufficient to authorize an arrest — release on habeas corpus — Code of Civil Procedure, § 2016.*

A justice of the peace, on the return unsatisfied of an execution against the person, may at his election issue a new execution or renew the former one; if he issues a new execution it must be returnable under the provisions of section 3025 of the Code of Civil Procedure within sixty days; if he renews the former execution its renewal must be for the same period.

A renewal has the same effect and stands in the place of a new execution, and where a justice on the return unsatisfied of an execution against the person,

instead of renewing the same as provided by statute, indorsed on it a restricted renewal whereby he attempted to make it returnable in thirty days instead of sixty days, such renewal has no authority from the statute and is void.

A Justice's Court being one of limited jurisdiction, such attempted renewal of an execution against the person does not justify an officer in arresting the person against whom such execution was issued.

A person arrested under a judgment obtained without jurisdiction, or under a process not authorized by the judgment or by statute, may be released by a writ of habeas corpus. Section 2016 of the Code of Civil Procedure, which provides that a person detained by virtue of an execution or other process issued upon a judgment shall not be entitled to a writ of habeas corpus, refers to a valid and authorized and not to a void execution.

APPEAL by the plaintiff, Isaac W. Winne, from an order of the Supreme Court, entered in the office of the clerk of the county of Schoharie on the 16th day of June, 1894, discharging the defendant from jail and the custody of the sheriff, with notice of an intention to bring up for review upon such appeal the petition, said order and execution, renewal, affidavits, evidence and all papers used upon the granting of the same.

*G. M. Palmer*, for the appellant.

*L. W. Baxter*, for the respondent.

PUTNAM, J.:

This is an appeal from an order discharging respondent from the custody of the sheriff of Schoharie county, N. Y., he being detained under an execution issued against the person by a justice of the peace, and having been brought before a justice of this court upon a writ of habeas corpus.

A judgment was rendered in favor of plaintiff against defendant by a justice of. the peace for wrongful conversion of property. An execution was properly issued upon said judgment by said justice on the 29th day of March, 1894, against the person of said respondent. This execution was renewed by said justice on the 29th day of May, 1894, by indorsing on said execution the following:

"The within execution is hereby renewed this 28th day of May, 1894, for the term of thirty days.

"AUGUSTUS PARSONS,
"*Justice of the Peace.*"

For a failure to pay said judgment the defendant Houghtaling was taken into custody by a constable on the 9th day of June, 1894, and imprisoned in the jail of Schoharie county, where he was detained by the sheriff until discharged by the order aforesaid, from which this appeal is taken. The order discharging the prisoner was granted on the sole ground that the indorsement of renewal upon the execution was irregular and void.

It is provided by the Code of Civil Procedure (§ 3025) that an execution issued by a justice of the peace *must* be made returnable in sixty days. Also (§ 3027), that on the return of the execution issued by a justice of the peace wholly or partly unsatisfied, he may issue a new execution or renew the former one as follows: "An execution is renewed by a written indorsement thereupon to that effect, signed by the justice, and dated upon the day when it is made. * * * Each indorsement renews the execution for sixty days from the date thereof."

It thus appears that a justice on the return of an execution unsatisfied may, at his election, issue a new execution or renew the former one. If he issues a new execution, it must be returnable under the provisions of section 3025 within sixty days, and if he renews the former execution it is a renewal for the same period. A renewal has the same effect and stands in the place of a new execution.

The justice in this case, instead of renewing the execution, as provided by statute, indorsed on it a restricted renewal whereby he attempted to make it returnable in thirty days instead of sixty. Such a renewal had no authority from the statute, and we think that the court below was correct in holding it void.

In *Toof* v. *Bently & Harris* (5 Wend. 276) the defendant Bently had obtained a judgment against plaintiff in a Justice's Court for fifty dollars and eighty-seven cents, and the justice had issued an execution, made returnable in sixty days. Under the statute then existing it should have been returnable in ninety days. A levy was made under the execution on Toof's personal property, and the property was locked up in his building. The defendant Bently and Harris, the constable, after such levy, broke into the building where the property was situated, and for such trespass the action was brought. SAVAGE, Ch. J., in delivering the opinion of the court, says: "The justice had jurisdiction; the judgment was regu-

lar. If the execution had been returnable in *ninety* days the officer would have been justified. The defendant in the execution (the plaintiff here) was not injured by the error in the return of the execution; but it is well settled that inferior and limited jurisdictions must be confined strictly to pursue the authority given them. The justice had no more authority to issue an execution in the case before him, returnable in sixty days, than in thirty days, or even in ten days; and surely such an execution would be no protection to the officer, because on the face of the process it was not such an* one as the justice had authority to issue upon such a judgment. In my opinion, therefore, the execution was no justification."

The same doctrine was held in *Farr* v. *Smith* (9 Wend. 338). In that case an execution issued, returnable in thirty instead of ninety days, as provided by statute, was held void. We are not cited by appellant to any authorities in conflict with the above. Under the doctrines therein laid down we must hold that the renewal which the justice assumed to make in this case for thirty days was an unauthorized act by the justice and void. It was to all intents and purposes the same as if he had on the return of the first execution issued a new one for thirty days, instead of sixty days. A Justice's Court being one of limited jurisdiction, and the renewal assumed to be made in this case being unauthorized by any statute, it was void, and did not justify the officer in arresting the defendant.

It is claimed, however, by the appellant that the defendant having been imprisoned by virtue of the execution issued upon a judgment duly obtained against him under the provisions of section 2016 of the Code of Civil Procedure, he could not be discharged from imprisonment by a writ of habeas corpus. But in this case, as we have seen, the execution was without authority, although the judgment on which it was attempted to be issued was duly obtained. One arrested under a judgment obtained without jurisdiction, or under a process not authorized by the judgment or by statute, may be released by a writ of habeas corpus. The statute (§ 2016, *supra*), which provides that one detained by virtue of an execution or other process issued upon a judgment, decree or final order, shall not be entitled to a writ of habeas corpus, refers to a valid, authorized and not a void execution. In *People ex rel. Tweed* v. *Liscomb* (60 N.

* So in original.

Y. 559) ALLEN, J., says: " The prohibition of the forty-second section of the habeas corpus act forbidding the inquiry by the court or officer into the legality of any previous judgment, decree or execution specified in the twenty-second section, does not and cannot, without nullifying in good measure the provisions of that and other sections of the act, take from the court or officer the power, or relieve him from the duty, of determining whether the process, judgment, decree or execution emanated from a court of competent jurisdiction, and whether the court making the judgment or decree or issuing the process had the legal and constitutional power to give such judgment or send forth such process. * * *

" The inquiry is necessarily in every case whether the process is void, and the officer or court having jurisdiction of the writ must pass upon it. If a process good in form issued upon a judgment of a court having jurisdiction, either general or limited, must in all cases be assumed to be valid until the judgment be reversed upon error, the remedy by writ of habeas corpus will be of but little value."

The doctrine so enunciated in the case above cited was followed and approved in *People ex rel. Frey* v. *The Warden* (100 N. Y. 20–24).

It follows that the order should be affirmed, with costs.

HERRICK, J., concurred; MAYHAM, P. J., not acting.

Order affirmed, with ten dollars costs and printing and other disbursements.