J. W. FREEMAN, Respondent, v. S. O. HEMENWAY et al., Appellants.

### Kansas City Court of Appeals, May 16, 1898.

1. **Partnership**: SALE OF PARTNER'S INTEREST: COTENANTS: CONVERSION. Where a partner sells his interest the partnership is dissolved and the purchaser and remaining partners become cotenants, and if such partners' interests are disregarded by the purchaser and the property appropriated by him, he is liable for its conversion.

2. ————: MINES AND MINING: COMMERCIAL. A mining partnership may arise by operation of law without agreement where the co-owners work the mining property or by agreement of such co-owners. In the first instance there is no *delectus personae* and the partnership is subject to changes. In the latter instance the partnership is commercial and a new partner can not be included therein.

*Appeal from the Jasper Circuit Court.*—HON. J. D. PERKINS, Judge.

AFFIRMED.

CUNNINGHAM & DOLAN for appellants.

(1) The firm of Diveley & Company, in which respondent was a partner, was a mining partnership,

and it was not dissolved by the sale of Diveley of his and Jarvis' interest to appellants, who immediately became partners with respondent. Consent is not necessary to form a mining copartnership, the purchaser of an interest in the firm business and property, becomes immediately a partner. There is no *delectus personarum* in a mining partnership. Snyder v. Burnham, 77 Mo. 52; Bates on Partnership, 163. If the respondent at the time of the alleged conversion was a partner of appellants, then he can not maintain this action. Respondent was not entitled to immediate possession of it as against appellants and hence can not maintain conversion against appellants for the same. Perry v. Musser, 68 Mo. 480; Bank v. Metcalf, 40 Mo. App. 494; s. c., 29 Mo. App. 384; Ward v. Moffet, 38 Mo. 395; Horine v. Bone, 69 Mo. App. 485; Myers v. Hale, 17 Mo. App. 209; Landsman v. Gomersall, 16 Mo. App. 460; Ross v. Clark, 27 Mo. 549; Sparks v. Purdy, 11 Mo. 19; Neimentz v. Ag. & Mec. Ass'n, 5 Mo. App. 59; Sharp v. Benoist, 7 Mo. App. 534, and authorities there cited; Pullian v. Burlingame, 81 Mo. 111.

CLARK CRAYCROFT and J. W. McANTIRE for respondent.

(1) The findings requested by the appellants stand as a special verdict or as an agreed case, and as the questions of law upon the facts found were correctly pronounced, the judgment should be affirmed. Runnells v. Isgrigg, 99 Mo. 28; Blount v. Spratt, 113 Mo. 55. Besides, the abstract of record is not such as makes the action of the court on the evidence subject to review. Nolan v. Johns, 126 Mo. 167. (2) The appellants denied the plaintiff's right or ownership to any of the property and used it until it was lost entirely

to respondent and took possession wrongfully; under such events our courts have held that respondent could recover for conversion, even though he were but a joint owner, and that he could maintain trover to recover to the extent of the undivided interests.   Weise v. Moore, 22 Mo. App. 536; McCoy v. Hyatt, 80 Mo. 139; Bray v. Bray, 30 Mich. 497; Cooley on Torts, star page 445.   (3) It is a well settled doctrine in this state that any taking or assumption of a right to control or dispose of property constitutes a conversion. Warnick v. Baker, 42 Mo. App. 439; Allen v. Mc-Monogle, 77 Mo. 478; Baker v. R'y, 52 Mo. App. 602; Keller v. Garth, 45 Mo. App. 332; Banking House v. Brooks, 52 Mo. App. 364; Construction Co. v. R'y, 71 Mo. App. 626; Bank v. Morris, 114 Mo. 255; Machine Co. v. Betting, 46 Mo. App. 417.

SMITH, P. J.—This is an action to recover damages for the conversion of certain mining machinery, tools and appliances.   There was a trial by the court without the intervention of a jury which resulted in judgment for plaintiff, and defendants appealed.   The court as requested by defendants made a special finding of the facts in the case and stated its conclusions of law therein.   And since the defendant's abstract does not set forth the evidence adduced at the trial we must presume the facts to be as the court found them.   Our examination of the case will therefore be restricted to the conclusions of law stated by the court.

STATEMENT.

It appears from the finding of facts made by the court that Diveley, Jarvis and plaintiff as a partnership owned the personal property, for the conversion of which this suit was brought, and employed the same in operating a certain zinc mine of which Diveley and Jarvis were licensees; that plaintiff owned a one fourth

interest in said personal property and the other three fourths interest was owned by the other partners; that Diveley and Jarvis sold their interest in the mine together with said personal property of the partnership to the defendants; that the defendants entered into the exclusive possession of said personal property and have and thereafter retained the same, claiming to be the exclusive owners thereof and denying to plaintiff any right or interest therein as partner or tenant in common or otherwise, whereby the whole of plaintiff's interest therein had become lost to him; that the defendants had converted and appropriated to their own use all of said mining machinery including plaintiff's one fourth interest therein; that the plaintiff's interest in said property was reasonably worth $300 on the twentieth day of February, 1892.

From these facts so found the conclusion of the court was that the plaintiff was entitled to recover from defendants on account of the conversion of plaintiff's said interest in said property the sum of $300 with interest thereon at six per cent per annum since the date of the institution of this suit amounting to the total sum of $389.

The sale by Diveley and Jarvis of their entire interest in the said personal property to the defendants had the effect to *ipso facto* dissolve the partnership relation then existing between Diveley, Jarvis and plaintiff. 1 Collyer on Part., 151. The defendants, the purchasers by virtue of their purchase, became cotenants with the plaintiff in respect to the ownership of the property.

PARTNERSHIP: sale of partner's interest: cotenants: conversion.

Diveley and Jarvis had the right to sell their own interest and the defendants had the right to purchase same. The mere fact that the defendants purchased the interest of the former did not of itself subject them to any liability to the plaintiff, unless, as

the court found was the fact, they disregarded the plaintiff's rights as cotenant by an appropriation of the property to their own use. McCoy v. Hyatt, 80 Mo. 139; Weise v. Moore, 22 Mo. App. 536; Watson v. King, 4 Camp. 272; Wilson v. Reed, 3 John. 175; Freeman on Co-Ten. and Part., secs. 306, 307.

It is quite true that when persons acquire interest in lands apparently for the sole purpose of working mines in them they must be considered as entering into a commercial partnership. Snyder v. Burnham, 77 Mo. 52. But this principle is inapplicable here for the reason that it was not found by the court that the plaintiff ever acquired any interest in the land on which the said mines were located, or that the partnership as such had any interest therein, and it must therefore follow that the plaintiff did not enter into the partnership arrangement with the defendants. Sharp v. Benoist, 7 Mo. App. 534, decides no more than that the sale and delivery of a chattel by one tenant in common is effectual to pass the interest of the vendor; the vendee becomes part owner in possession and the other co-owner has no right of action against the vendee to recover possession.

Such sale if authorized by the cotenant is a conversion which will warrant an action of trover against the vendor, but leaves the vendee in the position theretofore occupied by the vendor. Diveley, Jarvis and plaintiff were not cotenants but partners. The case is not one where a cotenant has sold a chattel but where two members of a partnership have sold all the partnership property to purchasers who had knowledge of the interest of the other partner before they completed their purchase. Besides this there was here an actual conversion by the purchaser of the other partner's interest in the property, while in the case just cited there was no such conversion of the interest of the

other cotenant by the purchaser. The two cases are entirely dissimilar.

We find no fault with the trial court's conclusions of law and so affirm the judgment. All concur.

### ON MOTION FOR REHEARING.

The special finding made by the court shows that the relation between the plaintiff, Diveley and Jarvis was that of a commercial partnership under the name of "Diveley & Company." A mining partnership arises only by implication from co-operation in the working of the joint property.

There may be a partnership in the working of a mine subject to the law of ordinary partnership. The working of a mine has been denominated a species of trade (McSwinney on Mines, Etc., 115) and if it is made the subject of a partnership agreement, the relation arising therefrom is a commercial partnership. A commercial partnership arises from agreement. In such case new members can not be intruded without the consent of the others. If one of the partners, in such partnership, convey his interest to another, the grantee would not become a member of the firm, he would be a tenant in common with the remaining partners. If, however, they should continue to work the mine, they would, in that event, become mining partners. Barringer & Adams on the Law of Mines and Mining, 753; McSwinney on Mines, Quarries and Minerals, 137.

It is thus to be seen that a mining partnership relation may arise in two ways: *First*. By operation of law where there is no partnership agreement but co-operation by co-owners or joint tenants in the working of mining property (Lindley on Mines, sec. 797); and, *second*, by agreement of the co-owners or joint

tenants. In partnerships of the former kind there is no *delectus personae* consequently the membership is continually subject to changes beyond the contract of the partners. Decker v. Howell, 42 Cal. 636.

In the latter kind of partnership the *delectus personae* exists, and a new partner can no more be intruded therein without the consent of the remaining partners than in a strictly commercial partnership.

It follows from this, that since the mining partnership of Diveley & Company was in effect a commercial partnership; that the sale of the interest of Diveley and Jarvis therein to the defendants accomplished a dissolution of the partnership and created the relation of tenants in common between the plaintiff and defendants as to the property in dispute. This relation was not changed into a mining partnership by implication of law since they did not contine to work the mine. The defendants refused to co-operate and work the mine with the plaintiff. Accordingly, we think the relation of partners *inter se* or as to the public did not exist between plaintiff and defendants, either by implication or agreement.

The motion must be denied.