JOHN J. PATTERSON

*v.*

WILBUR F. SADLER.

[Decided June 12th, 1906.]

A bill for discovery and an accounting between partners, which alleges the existence of the partnership, but makes no statement as to the contributions of the parties to the partnership assets or the proportions in which they were to sustain losses or divide profits, is insufficient.

On demurrer.

*Mr. Edwin Robert Walker,* for the demurrant.

*Mr. Thomas B. Hall,* for the complainant.

MAGIE, CHANCELLOR.

The demurrer presents many objections to the bill of complaint, of which I deem it sufficient to consider one.

The bill is for discovery and accounting. It is unnecessary to cite authorities to establish the doctrine that such a bill must state sufficient facts to entitle the complainant, if they are proved, to the discovery and accounting that he seeks. Complainant's right to discovery and accounting is stated in the bill to arise from a partnership agreement between complainant and defendant. The bill states that the agreement was verbal, and that thereby the parties were to secure certain rights of way for a contemplated trolley railway and a charter from the state for such railway.

These statements comprise all that are made in the bill respecting the terms of the contract which complainant asserts was made. It will be observed that there is no statement with respect to the contributions of the parties to the partnership assets, or the proportions in which they were to sustain losses or divide profits. The statements amount simply to an assertion that there was an agreement between the parties, which complainant claims was a partnership agreement, without disclosing what it was, so that the court may determine whether it was an agreement of partnership on which an accounting may be decreed.

In my judgment, this is too vague and indefinite a statement to justify the retention of the bill and the requirement that the defendant should answer. Where the bill discloses a ground for relief, an assertion that the complainant has been kept in ignorance of what defendant has done may justify a prayer for discovery. On a sufficient statement of a partnership agreement, and that one partner has dealt with the partnership property and excluded the other from knowledge of the dealings, undoubtedly the complainant may claim discovery and accounting.

But if the statement of the partnership agreement is defective, the whole fabric of the bill falls. On this ground the demurrer will be sustained.