AARON T. HAGEMAN

*v.*

CHARLES G. BROWN and ROBERTA BROWN.

[Submitted May 18th, 1909.  Decided May 21st, 1909.]

1. Complainant in equity must allege with particularity every material fact which it is necessary for him to prove to establish his right to the relief prayed.

2. Where complainant seeks equitable relief on the ground of fraud, his bill must state the facts constituting the fraud, so that the person against whom relief is sought may have full opportunity to deny or explain the facts charged, and disprove them.

3. Where a creditor's bill sought to reach certain money belonging to defendant alleged to have been secretely hidden in real estate purchased in the name of another in a specified manner, with a fraudulent purpose of placing it beyond the reach of creditors and preserving it for defendant's use by means of a secret trust, the manner in which the bill charged that the fraud was accomplished was a material part of complainant's cause of action, which defendant was required to specifically answer with fullness and particularity.

4. That a bill to reach property held for defendant under an alleged secret trust was not a bill for discovery and contained no interrogatories, would not exempt defendant from answering fully and specifically all the material averments of the charging part of the bill.

5. The object of a complainant in waiving oath to the answer to a bill in equity is merely to deprive the defendant of his right to have the answer treated as evidence in his favor.

6. Defendant in equity is bound by admissions in his answer without oath.

On exceptions to answer of defendant Charles G. Brown.

The purpose of the bill in this suit is to procure a decree declaring the equitable title to certain real estate to be vested in defendant Charles G. Brown, the legal title to which now stands in the name of his daughter Roberta Brown, to the end that the real estate may be subjected to the lien of a certain judgment held by complainant against defendant Charles G. Brown. The bill charges that Roberta Brown, the daughter who holds the legal title, has no beneficial interest in the premises, but holds the same in trust for her father with the intent and purpose of defrauding complainant and other creditors of the father, and preventing them from collecting their claims against the father, and charges that the consideration for the conveyance to the daughter moved from the father and not from the daughter. In amplification of this general charge of fraud, the bill specifically sets forth the manner in which the legal title to the property was placed in the name of the daughter. The specific averment is that defendant Charles G. Brown made an agreement with one Mary A. Moffett, the former owner of the property, whereby he agreed to purchase the property for a certain amount, and that in the performance of that agreement he paid to the vendor the purchase price so agreed upon and caused the deed to be made to his daughter Roberta. The specific averment is also made that of the money so paid a certain specified amount was money due to him from one Alfred S. Brown, which money was paid by Alfred S. Brown to the vendor at the request of and for and on account of defendant Charles G. Brown as a part of the said purchase price; and that a certain further part of the purchase price was paid to

the vendor by the said Alfred S. Brown as a loan to defendant Charles G. Brown, and that the repayment of the latter amount was secured to Alfred S. Brown by a mortgage on the premises executed by the daughter Roberta at the request of her father. The answer filed by defendant Charles G. Brown states that the agreement for the purchase of the property was made by him as agent and attorney in fact for his daughter, at her request and for her benefit, and that she is the sole owner of the legal and equitable title. The answer also contains the following denials:

"This defendant denies that the consideration moved from the said defendant Charles G. Brown to the said Mary A. Moffett as alleged in the bill of complaint filed in this cause.

"This defendant denies that the title to said described premises in said bill of complaint filed in this cause was put in the name of Roberta Brown at his request for the purpose of defrauding his creditors and hindering and defrauding them in the collection of their just claims against him.

"This defendant denies that the said Roberta Brown holds the title of said premises described in said bill in trust for him or that he has any beneficial interest in the premises whatever as alleged in said bill of complaint filed in this cause."

Complainant has excepted to the sufficiency of the answer by reason of its failure to answer in detail the specific averments of the bill above set forth touching the manner in which the purchase price of the property was raised and paid.

Defendant insists that he is excused from answering specifically the detailed averments of the bill touching the manner in which the purchase price of the property was raised and paid, and is privileged to answer generally to the effect that the consideration did not move from him, because these specific averments of the bill are matters of evidence, because the bill is not a bill for discovery and contains no interrogatories, and because the bill asks for an answer without oath.

*Mr. Paul Q. Oliver,* for the complainant.

*Mr. George Ball,* for the defendants.

LEAMING, V. C.

I am convinced that the exceptions to the answer must be sustained.

1. There are probably few rules of equity pleading more firmly established than the requirement that every material fact which it is necessary for a complainant to prove to establish his right to the relief he asks must be alleged in the premises of his bill with fullness and particularity, and that a suitor who seeks relief on the ground of fraud must state the facts which constitute the fraud, so that the person against whom relief is sought may be afforded a full opportunity to deny or explain the facts charged, and also to disprove them. *Smith's Administrator* v. *Wood, 42 N. J. Eq. (15 Stew.) 563, 566.* This bill, in effect, seeks to reach certain money belonging to defendant, which money has been by defendant secretly hidden in certain real estate, in the manner specifically set forth in the bill, with the fraudulent purpose of placing it beyond the reach of creditors and preserving it for his own use by means of a secret trust. The manner in which the bill states that this was secretly accomplished forms a part of the alleged fraudulent transaction, the averment being, in effect, that a third party paid the money, but that the money so paid was in fact money which the third party owed to defendant; the facts so stated are specific and definite facts which are material to complainant's case. In this view it seems clear that defendant cannot be excused from specifically answering these detailed averments of material facts under the claim that they are evidentiary in their nature. I regard the general averments contained in the bill to the effect that the consideration moved from defendant, which averment defendant has answered by a general denial, as more nearly a general statement of a conclusion of law than a specific statement of concrete facts. Had the averments in question been added to the present bill in the form of interrogatories, I think the necessity of specific answers to the interrogatories would not be questioned.

2. The fact that the bill is not a bill for discovery and contains no interrogatories, will not exempt defendant from an-

swering fully and specifically the material averments of the stating part of the bill. The rule, as stated by Judge Story, is as follows:

"One of the principal ends of an answer upon the part of the defendant is, to supply proof of the matter necessary to support the case of the plaintiff; and it is therefore required of the defendant, either to admit, or to deny, all the facts set forth in the bill, with their attending circumstances, or to deny having any knowledge or information on the subject, or any recollection of it, and also to declare himself unable to form any belief concerning it. And this he ought to do fully and explicitly even though no special interrogatories should follow the bill. But, as experience has proved, that the substance of the matters charged in the bill may frequently be evaded by answering according to the letter only, it has become a practice to add to the general requisition, that the defendant should answer the contents of the bill, a repetition, by way of interrogatory, of the matters most essential to be answered, adding to the inquiry after each fact, an inquiry of the several circumstances, which may be attendant upon it. and the variations, to which it may be subjected, with a view to prevent evasion, and compel a full answer." *Story's Eq. Pl.* § *35.*

This privilege of adding special interrogatories to a bill has not, so far as I am aware, except where controlled by court rules, been given the effect to absolve, in any manner, a defendant from the primary duty of answering all of the material averments of the bill. The bill in this case prays that defendants "may, without oath, full, true and perfect answer make to each and every of the matters and things above set forth, as fully and particularly as if the same were here again repeated and they thereto particularly interrogated." I understand the rule in this state to be substantially as stated in *Methodist Episcopal Church* v. *Jaques, 1 Johns. Ch. 65,* as follows:

"I apprehend the rule on this subject to be that it is sufficient to make this general requisition on the defendant to answer the contents of the bill, and that the interrogating part of the bill, by a repetition of the several matters, is not necessary. The defendant is bound to deny or admit all the facts stated in the bill, with all their material circumstances, without special interrogatories for that purpose. *Mitf. Pl. 44; Coop. Eq. Pl. 11, 12.* They are only useful to probe more effectually the conscience of the party, and to prevent evasion or omission

as to circumstances which may be deemed important; but it is no excuse for the defendant, in avoiding to answer fully to the subject-matter of the bill, that there were no special interrogatories applicable to the case."

3. The foregoing is equally true where the bill prays for an answer without oath. The object of a complainant in waiving oath is merely to deprive the defendant of the advantage of his answer as evidence for himself. A defendant is bound by his admissions in his answer without oath. In *Reed* v. *Cumberland Insurance Co., 36 N. J. Eq. (9 Stew.) 393,* Chancellor Runyon says:

"He [complainant] has a right to the defendant's answer on every material point, though he waives oath. For he is spared the necessity of proof as to all matters admitted by the defendant. The latter is bound by his admissions in the answer, though put in without oath."

My conclusion is that the bill entitles complainant to a specific answer as to whether at the time of the conveyance from Mary A. Moffett to Roberta Brown, Alfred S. Brown owed defendant Charles G. Brown certain money and paid the money so owing to Mary A. Moffett on account of the purchase price of the property in question for or on account of and at the request of defendant Charles G. Brown; and as to whether the remaining portion of the purchase price referred to in the bill was paid to Mary A. Moffett by Alfred S. Brown as a loan to defendant Charles G. Brown, or for or on account of or at the request of defendant Charles G. Brown.

I will advise a decree sustaining the exceptions to the answer.