## JACOB MULLER

*v.*

## ADON W. MULLER, administrator, &c., of John Muller, deceased.

[Submitted October 4th, 1909. Decided October 14th, 1909.]

1. In a suit by one administrator against his co-administrator for the recovery of money alleged to be due complainant from intestate in his lifetime for services rendered and merchandise supplied, and also for the recovery of money paid by complainant for funeral expenses, upon a motion to strike out such portions of the bill as refer to such matter on the ground (1) of uncertainty, and (2) because within the jurisdiction of the orphans court, respectively—*Held* (1) that as the bill primarily seeks to establish a debt from the intestate to the complainant as administrator, which is disputed by his co-administrator, the suit is properly brought in this court; and (2) as respects the claim for services and merchandise the rules of equity pleading require complainant to give defendant full information in such a manner as to apprise him of the times when and the nature of the labor performed, and the kind and extent of the merchandise delivered, and when delivered, these being matters peculiarly within the complainant's knowledge, and of which defendant is presumptively ignorant.

2. Since rule 213 was adopted a motion against a bill for uncertainty is entertained of the same force as a demurrer upon like ground.

On motion to strike out portions of bill.

*Mr. David O. Watkins,* for the complainant.

*Mr. Francis B. Davis,* for the defendant.

LEAMING, V. C.

This suit is brought by one administrator against a co-administrator for the recovery of money alleged to be due complainant from intestate in his lifetime; and also for the recovery of certain money paid by complainant for funeral expenses of intestate. Defendant moves to strike out the parts of the bill relating to the services and expenditures referred to and assigns for ground of the motion that the averments of the bill relating to money due from intestate in his lifetime are insufficient for want of certainty, and the parts of the bill relating to money due for funeral expenses are insufficient for the reason that the charges referred to may be adjudicated by the orphans court where settlement of the estate is pending.

As the bill primarily seeks to establish a debt due from intestate to the administrator, which debt is disputed by the co-administrator, the suit is properly brought in this court. *Petty, Administrator,* v. *Young, 43 N. J. Eq. (16 Stew.) 654.* The joinder of the claim for funeral expenses is proper for the reason that the jurisdiction of this court being properly invoked for the purposes named, this court may appropriately ascertain the entire indebtedness due from intestate's estate to complainant.

That part of the bill which sets forth the claim of complainant for money due from intestate in his lifetime is as follows:

"That the said John Muller (intestate), in his lifetime, was indebted unto your orator in a large sum of money, to wit: the sum of four thousand, six hundred dollars, for nursing, board, washing and for goods, wares and merchandise furnished and delivered the said John Muller, in his lifetime, by your orator, at the special instance and request of the said John Muller, in his lifetime."

The motion against this portion of the bill is upon the ground:

"That the said allegations do not specify at what period of time in the lifetime of the said John Muller he was indebted to the complainant in the sum of four thousand, six hundred dollars, nor how much of said sum is due complainant for board, how much for washing, how much for nursing nor how much for merchandise furnished."

It is a rule of equity pleading that the averments of the bill must contain a degree of certainty which will give to defendant full information of the case he is called upon to answer. *Mutual Life Insurance Co.* v. *Sturges, 33 N. J. Eq.* (*6 Stew.*) *328, 337; Arnett* v. *Walsh's Executors, 46 N. J. Eq.* (*1 Dick.*) *543; 1 Dan. Ch. Pl. & Pr. \*368*, and note to the effect that the rights of the several parties, the injury complained of, and every other necessary circumstance, as time, place, manner or other incident, ought to be plainly, yet succinctly, alleged. The objection that the bill is deficient for want of certainty may be taken by demurrer to the bill. *1 Dan. Ch. Pl. & Pr. \*368, \*372.* Since rule 213 of this court has been adopted a motion against the bill for uncertainty is entertained of the same force as a demurrer upon like ground.

It is manifest that the test of sufficiency as to certainty must, in a large measure, depend upon the circumstances of the particular case. In the language of Lord Thurlow in *Phillips* v. *Phillips, 4 Q. B. Div. 127*, "It depends upon the good sense of the thing." Thus, in *Watson* v. *Murray, 23 N. J. Eq.* (*8 C. E. Gr.*) *257*, it was held that averments in a bill which would ordinarily be objectionable for uncertainty were sufficient against the demurrer by reason of the fact that the bill was one for discovery, and that the matters touching which the bill was challenged for uncertainty were matters the source of information of which were entirely within defendant's possession. In the present case, the contrary condition exists, as this suit is for the recovery of money for services performed for intestate and for merchandise supplied to him in his lifetime, which are matters peculiarly within the knowledge of complainant, and of which the defendant is presumptively more or less in ignorance as to details. Under these circumstances, I think it is clear that the defined rules of equity pleading require complainant to give defendant full information of the case he is called upon to answer

in such manner as to apprise him of the times when and the nature of the labor performed, and the kind and extent of the merchandise delivered, and the times when delivered.

A third objection to the bill is based upon an error in the bill which is conceded to exist and to be the result of inadvertence.

· I will advise an order sustaining the motion against the bill and allowing complainant twenty days in which to file an amended bill.