Defendants' motion is to strike out the first and second counts of the complaint. The reasons assigned and urged in support of this motion are that the allegations (1) fail to set forth a cause of action, and (2) are general, vague, lack sufficient particularity and are so framed as to embarrass a fair trial.
The basis for the relief sought under the first count — a dissolution of a mining partnership, c. — is stated therein to be *Page 554 
founded upon the alleged existence of a co-partnership agreement between complainants and defendants. All the pertinent allegations, with respect to the creation, existence and terms of this alleged agreement, may, in the language of the complaint, best be summarized as follows: that complainants and others "associated themselves together at St. Louis, Missouri, and in accordance with the laws of said State of Missouri into a `mining partnership' for the purpose of procuring lands and leases and prospecting, boring, and developing the same for oil and gas," and "that, in accordance with said `mining partnership' agreement the co-partners were to furnish funds for said operation of developing oil and gas lands and leases, and after the payment of the expenses thereof to share the profits and/or losses of said operation." This summary succinctly comprises all of the allegations contained in the first count with respect to the formation and existence of the alleged co-partnership.
It is contended on behalf of the defendants, and I think rightly so, that those allegations are with respect to conclusions, not facts, and therefore, are objectionable and of themselves legally insufficient to sustain a cause of action. They, in my opinion, constitute, at most, mere assertions that a mining partnership agreement existed between the parties; and this without even disclosing any of the facts from which such alleged partnership is claimed to have come into legal existence. Besides, it is to be observed that the entire count is devoid of a single allegation with respect to the proportion in which losses were to be borne and profits shared by the respective parties or with respect to any of the terms or provisions of the alleged partnership agreement. In short, no facts are there pleaded from which the court is able to determine whether any such agreement actually did exist, and if so, whether the relief sought by complainants could, if they were successful, be granted thereunder. A bill of complaint embodying similarly objectionable allegations was held to be insufficient in the case ofPatterson v. Sadler, 71 N.J. Eq. 315.
Complainants, however, urge that this apparent deficiency *Page 555 
is cured by the allegation that each of them contributed a certain sum to the defendants. With this contention I am unable to agree; for it is well settled that mere contributions, in the absence of an agreement or understanding to the contrary, will not affect a partnership relationship between the contributors and the recipients.
Complainants go further and contend that the term "mining partnership," as alleged in the first count, has a recognized meaning and establishes the rights of the respective parties. Be that as it may — and I here express no opinion thereon, since such is not necessary — it nevertheless could not relieve complainants from their obligation, to plead the facts which, they claim, resulted in the legal creation of the alleged "mining partnership."
Moreover, no facts appear to be alleged from which a "mining partnership" could possibly result by act and operation of the laws of the State of Missouri; in accordance with the provisions of which, it is alleged, the parties so associated themselves. The substance of the provisions of neither the common nor statutory law of that state appertaining to such partnerships is here pleaded or set forth, although the rules of proper equity pleading so require. Salt Lake City National Bank v.Hendrickson, 40 N.J. Law 52; Boehme v. Rall, 51 N.J. Eq. 541;Franklin Trust v. Rutherford, c., Electric Co., 57 N.J. Eq. 42; Perkins v. Trinity Realty Co., 69 N.J. Eq. 723.
Even were judicial notice here to be taken of the reports of the decisions of the State of Missouri, as evidence of its common law and the judicial construction of its statutes — as might be done under the provisions of the twenty-sixth section of our Evidence act (Comp. Stat. p. 2229) — nevertheless the deficiency in the pleading hereinbefore indicated could not thereby be cured or supplied. One of the essential and indispensable attributes of a mining partnership under the laws of that state is that a joint tenancy or co-ownership exist between the parties with respect to the mining property.Freeman v. Heminway, 75 Mo. App. 611. That the complainants and defendants were joint tenants or co-owners in *Page 556 
the mining property here involved is neither alleged in nor appears from the bill of complaint.
The other ground of attack leveled against the count in question is that the allegations are general, lack sufficient particularity and are so framed as to embarrass a fair trial. There is merit to this contention. The pleadings unquestionably violate the letter and spirit of that well settled rule of equity pleading which requires the complainant to allege all of the material facts, which he will be required to prove in order to establish his right to the relief which he seeks, with such a degree of fullness, certainty and particularity, as will afford the defendant full information with respect to the case which he is called upon to answer. Schuler v. Southern Iron and SteelCo., 77 N.J. Eq. 60; Hageman v. Brown, 76 N.J. Eq. 126; Muller
v. Muller, 76 N.J. Eq. 158; Mutual Life Insurance Co. v.Sturges, 33 N.J. Eq. 328.
The motion addressed to the first count will be sustained, but the complainants will be allowed twenty days within which to file amendments to said count, if they so desire. The objections urged against the second count are without merit, the motion with respect thereto will, therefore, be denied.
An order may be entered accordingly. *Page 557