# Fleschhut, Appellant, *v.* Lehigh Valley Railroad Company.

*Negligence—Railroad—Crossing—"Stop, look and listen."*

In an action against a railroad company to recover damages for personal injuries, the evidence for the plaintiff showed that prior to the accident he went to defendant's station, loaded two trunks upon his wagon, which had a covered seat, and started away. He drove along the highway for a distance of about 200 feet parallel with the railroad, being separated from it by a platform about eleven feet wide and three feet

high.  The highway crossed the track at a point about fifty feet from the end of the platform.  After driving this distance, about 200 feet in all, parallel with the railroad, plaintiff turned his horse to the left, and drove towards the track  intending to cross.  Just then a fast train passed, and the horse was struck either by reason of having been driven too close to the track, or because in its fright it moved close enough to be struck by the passing train.  The horse was killed and the plaintiff was injured.  At the station plaintiff could see down the track for nearly a mile in the direction from which the train came.  Plaintiff did not look down the track as he turned towards the crossing.  *Held,* that the court below committed no error in entering a nonsuit, and refusing to take it off.

Argued March 18, 1903.  Appeal, No. 14, Jan. T., 1903, by plaintiff, from order of C. P. Bradford Co., Sept., T., 1901, No. 411, refusing to take off nonsuit in case of William M. Fleschhut v. Lehigh Valley Railroad Company.  Before MITCH-ELL, DEAN, FELL, BROWN and POTTER, JJ.  Affirmed.

Trespass to recover damages for personal injuries.  Before FANNING, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*D. C. De Witt,* for appellant.

*Henry Streeter* and *William T. Davies* of *Davies & Davies,* for appellee.

OPINION BY MR. JUSTICE POTTER, May 25, 1903 :

The plaintiff was at the defendants' depot for baggage.  He loaded two trunks upon his wagon which had a covered seat, and started away.  He drove along the highway for a distance of about 200 feet, parallel with the railroad, being separated from it by a platform about eleven feet wide and three feet high.  The highway crossed the track at a point about fifty feet from the end of the platform.  After driving this distance, of about 200 feet in all, parallel with the railroad, the plaintiff turned his horse to the left and drove towards the track intending to cross.  Just then a fast train passed, and the horse was struck either by reason of having been driven too close to the track, or because in its fright, it moved close

enough to be struck by the passing train. The horse was killed, and plaintiff was thrown from the wagon and injured. Beyond all question, this accident was caused by the heedless manner in which the plaintiff drove up to the crossing. When he untied his horse at the depot he could see down the track towards the east, from which direction the train came, for nearly a mile. Not seeing the train then, he got in his wagon, under the cover, and drove parallel with the track, until he came to the crossing, and up to it, without again looking to the east, and as he testifies did not see the train until just before the horse was struck.

He was in no danger from the train so long as he was driving in the highway which was parallel with and some fifteen feet away from the track.

But when he turned his horse towards the track at the crossing, he came almost instantly within the reach of the passing train, and it was the sheerest neglect of duty to make this near approach, without noting the proximity of the train, which a glance toward the east must have shown him.

The undisputed testimony in this case left the learned trial judge no alternative but to enter a judgment of compulsory nonsuit. The assignment of error is overruled, and the judgment is affirmed.