JOSEPH A. PORTER, appellant,

*v.*

MARTIN V. BERGEN, respondent.

Where the relation of lawyer and client exists, and the lawyer receives from his client security for his compensation, the burden of proving the fairness of the transaction is upon the lawyer, and the security will be suffered to stand only for the amount shown to be justly due upon it.

On appeal from a decree advised by Vice-Chancellor Pitney.

*Mr. Henry M. Snyder, Jr.,* for the appellant.

*Mr. Herbert A. Drake,* for the respondent.

The opinion of the court was delivered by

DIXON, J.

By the decree below, dated January 4th, 1895, the defendant was adjudged to hold the premises described in the bill in trust for the complainant, subject to any moneys due the defendant on settlement of the account between the parties, and a reference was ordered to a master to state the account, in which he was directed to allow the defendant $1,000 as counsel fee for services rendered by him to the complainant. The master reported March 14th, 1895, and each party filed exceptions. On hearing the exceptions, the court credited the defendant with several sums, the allowance of which and of the $1,000 fee forms the ground of the present appeal.

The complainant was treasurer of the city of Camden from 1878 to 1881, and then was discovered to be a defaulter in that office. Thereupon he applied to the defendant, a member of the bar, for advice and aid. Subsequently he transferred most of his property to the defendant, and on that transfer the trust in this case was based.

The services for which the so-called counsel fee was allowed were not those of a counselor-at-law distinctively, but were such as any lawyer would be able to render with the view of saving his client from the consequences of his wrongdoing.

We have searched the case in vain for evidence which would justify so large a fee. Even if it be conceded that the complainant agreed to the charge, yet a court of equity would not sanction it except upon proof of its perfect fairness. *Brown* v. *Bulkley, 1 McCart. 451; Schomp* v. *Schenck, 11 Vr. 195, 200.*

The propriety of applying this doctrine in the present instance is demonstrated by the defendant's reply to the question, "Did he [the complainant] make any objection to your charging $1,000 at that time? No, sir; he would have given me almost anything at that time, I think; he was in a tight place, and he knew it."

Let this item be reduced to $250.

The loan of $75, allowed upon the hearing, was made long before the transactions out of which the present trust arose, and seems to be in no way connected therewith. It should be disallowed.

The loan of $50, likewise allowed, was made by defendant's brother, and has no place in this accounting. It should be disallowed.

The commission of $50, allowed on the sale of No. 528 Cooper street, should be disallowed, because it appears that the defendant never had title to that property and had nothing to do with selling it.

In other particulars the decree is not objectionable.

Let the decree be modified in accordance with the foregoing directions.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BARKALOW, BOGART, NIXON—12.

*For affirmance*—None.