HANNAH E. KELLEY

*v.*

EUGENE I. SCHWINGHAMMER.

[Submitted December 10th, 1910.  Determined February 23d, 1911.]

Where a note was given by a client to an attorney in settlement of legal services, and an action was brought by the attorney thereon—*Held*, that a bill for injunction would lie to restrain further proceedings and to determine the amount justly due from the client to the attorney.

On bill for injunction.  Hearing at return of order to show cause.

*Mr. Ulysses G. Styron,* for the complainant.

*Messrs. Thompson & Cole,* for the defendant.

LEAMING, V. C.

Defendant is an attorney and counselor-at-law and solicitor in chancery, and is payee in a certain promissory note made by complainant.  The note was given to defendant by complainant in settlement for legal services which defendant had performed for complainant as his client.  An action at law has been brought by defendant against complainant to recover the amount of the note; that action is now pending.  The present bill seeks to restrain further proceedings in the action at law and prays that an accounting may be had to determine the amount justly due from complainant to defendant.  The note, of which the present note is a renewal, appears to have been executed at a time when the relation of attorney and client existed between the parties.

I am unable to doubt the jurisdiction of this court in a case of this nature.  The existence of a trust relationship between an attorney and client has been recognized from the earliest times, and in all the adjudicated cases touching transactions through

which attorneys have acquired property of or from a client, the courts appear to have not only given recognition to the trust relationship referred to, but also to have administered remedies with especial reference to the existence of such trust relationships. See *1 Story Eq. Jur.* § *310 et seq.; Pom. Eq. Jur.* § *960; Strong* v. *Mundy, 52 N. J. Eq. (7 Dick.) 833.*

In an agreement between an attorney and his client, pending the relation of attorney and client, touching the quantity and reasonable value of services performed or being performed by an attorney for his client, the client, in my judgment, in the absence of independent counsel, is frequently, if not uniformly, almost as dependent upon the attorney as in other matters entrusted to the attorney's care; although this view does not appear to have received uniform recognition.

In this court, however, it has been expressly determined that where, pending the relation of attorney and client, a bond or other security is given by the client to his attorney as compensation for his services, the transaction will be regarded as constructively fraudulent, in consequence of the confidential relations subsisting and the means of undue influence which the attorney may exert over his client. In such case the burden is thrown on the attorney of showing its fairness, adequacy and propriety. *Brown* v. *Bulkley, 14 N. J. Eq. (1 McCart.) 451, 458.* The note now in question clearly falls within the principles of that case. See, also, *Porter* v. *Bergen, 54 N. J. Eq. (9 Dick.) 405.*

I think it clear that a court of law cannot, without embarrassment, adequately administer the relief to which complainant in this case is entitled, and that this court is the appropriate court for that purpose.

I will advise an order for an injunction restraining the further prosecution of the action at law until final hearing of this suit. If there is real danger that a judgment against complainant for the amount alleged to be due on the note will be of less value at a later time than now, I will entertain a motion on behalf of defendant to make the injunction conditioned on proper security being given against such loss.