The defendant obtained a judgment for $2,200 in the Essex common pleas, representing the balance of a $2,500 counsel fee claimed to be due him from the complainant on an express contract, which was denied by the complainant.
The complainant here (the defendant in the action at law) offered to prove at the trial that the services rendered by the defendant were not of the value of the amount claimed, but was not permitted to do so, because the complaint was founded on an express agreement.
Execution has been issued on the judgment at law, and complainant applies for an injunction restraining further proceedings under the judgment, because it is claimed that the defendant's charges were unfair and exorbitant, and the agreement which was the basis of the judgment was unconscionable and procured by fraudulent concealment of facts from the complainant.
That equity may relieve against a judgment founded upon an unconscionable or fraudulent agreement, or such an agreement arising out of confidential relations, or obtained by undue influence, is well settled. Glover v. Hedges, 1 N.J. Eq. 113;Powers v. Butler, 4 N.J. Eq. 465; Tompkins v. Tompkins,11 N.J. Eq. 512; Dunn v. Dunn, 42 N.J. Eq. 431.
Agreements between attorney and client, because of the confidential relation, are always subject to the scrutiny of a court of equity. Brown v. Bulkley, 14 N.J. Eq. 451; Porter v.Bergen, 54 N.J. Eq. 405.
And a suit based upon an agreement for counsel fees, or upon a written obligation given therefore by a client to his attorney, will be restrained pending investigation by a court of equity as to its fairness. Kelly v. Schwinghammer, 78 N.J. Eq. 437.
Where a client has not had an opportunity in a court of law to test the reasonableness or fairness of his attorney's charges, he will not be precluded here even after judgment obtained. *Page 240 
The reasons for an inquiry of this kind are more potent when that inquiry involves the integrity of an attorney or fairness of his conduct toward his client.
An attorney at law is a quasi-public officer. He is, infact, an officer of the court and a part of the machinery of the law, and, as such, is charged with the duty of assisting in its administration. Like Caesar's wife, he should be above suspicion. Too often the accusing finger is pointed at members of the bar without just cause. Because of these facts, and in view of the recognized high standing of the legal profession as a class, both courts and lawyers should welcome any inquiry into the fairness of transactions between attorney and client, and courts should never hesitate to condemn where the conduct of the attorney has been unconscionable. In no other way can the high reputation of the legal profession, of which its members are justly proud, be maintained.
An order will issue restraining further proceedings under the judgment at law until the final hearing of this cause.
The defendant has moved to dismiss the bill for want of equity. This motion is denied.