AMIELLO RAIMONDI, complainant-respondent,

*v.*

OVIDIO O. BIANCHI, defendant-appellant.

[Argued October 31st, 1927. Decided February 6th, 1928.]

1. Courts of equity sometimes give relief against judgments at law but only where it is shown that the defendant was ignorant of the facts on which his defense rests until after the time for making defense at law has passed; or that he was prevented from making defense by the artifice or fraud of his adversary, or by accident unmixed by negligence or fraud on his part or that his defense is a matter of pure equity cognizance. But in cases where the grievance he attempts to urge is one that the court which pronounced the judgment is competent to hear and decide, and he has either urged it

there unsuccessfully, or has negligently omitted to do so, the court of equity can give no relief.

2. It is not the province of a court of equity to review the sentences or judgments of other tribunals, to ascertain whether they have erred in the exercise of their judicial power and discretion in matters over which they had complete jurisdiction.

On appeal from the court of chancery.

*Mr. James P. X. O'Brien,* for the appellant.

*Messrs. E. A. & W. A. Schilling,* for the respondent.

The opinion of the court was delivered by

CAMPBELL, J.

The respondent was indicted by the grand jury of Essex county for arson and burning a building witih intent to defraud insurance companies. He retained appellant to defend him and was represented at the trial in the quarter sessions court by him. Such trial resulted in an acquittal of respondent of the charge of arson and a disagreement of the jury upon the charge of burning with intent to defraud insurers.

Appellant asserted that respondent had entered into an agreement to pay him the sum of $2,500 for representing him at such trial and in such proceedings, of which total sum $300 had been paid. Upon refusal to pay the balance of $2,200 appellant brought suit against respondent in the Essex common pleas court declaring upon an express contract and respondent denying such contract. Appellant was successful in such action, which resulted in a verdict and judgment in his favor for $2,200.

A rule to show cause why such verdict should not be set aside and a new trial had was allowed and argued and such rule was discharged, and appellant thereupon sought to enforce his judgment by the issuance of an execution.

Thereupon the appellant filed a bill of complaint in the court of chancery setting up these facts and alleging that the contract was made by the parties while the relationship of

attorney and client existed between them and should have been characterized by utmost fairness and good faith, and was presumed to be fraudulent unless otherwise proven to the contrary; that at the time said contract was entered into the respondent was in great mental distress and in danger of loss of his liberty; that appellant failed to give respondent all the information and advice which it was his duty to give and dealt with him surreptitiously, concealing from him that he could only be convicted under one of the counts in the indictment against him; that such agreement was not made in good faith but upon misrepresentation, concealment and suppression of facts known to the appellant, and that at the trial at law the appellant failed to establish that the compensation contract was fair, just, honest and honorable.

Respondent in his bill prayed that appellant be restrained from proceeding upon his judgment at law and upon the execution issued thereunder, and that the sheriff and all other persons acting for or upon behalf of him be restrained and enjoined from taking any further proceedings upon said judgment or execution, and that the court of chancery find and determine what sum of money was due and owing from the respondent to the appellant, and that upon payment of the sum so found the judgment of the court of common pleas of Essex county be declared to be paid and satisfied.

Upon an application for an injunction *pendente lite* a restraining order issued.

Appellant filed an answer admitting the proceedings in the court of law and charging that the contract was made when respondent was in clear and understanding mind and understood thoroughly his position and the contract he was making; that nothing was concealed from him, and that the transaction was characterized by the utmost fairness and good faith; that the respondent was guilty of fraud and deceit in his transaction with the appellant and was barred from relief in that because of such fraud and deceit he procured the services of appellant and deprived appellant of payment therefor; that respondent was guilty of laches and that it was upon respondent's objection at the trial at law that the reasonableness and fairness of the compensation was excluded,

and that respondent was estopped by his actions in the court of law from alleging or claiming that the reasonableness and fairness of the contract had not been established.

Upon final hearing a decree, toward which the present appeal is directed, was advised, decreeing that appellant accept the sum of $900 in satisfaction of his judgment of $2,200, and in satisfaction of the fee and charge of his associate counsel, and that within five days from the service of a copy of such decree upon him he file his consent to accept such sum in satisfaction of his judgment, and that in default of such consent he be perpetually restrained and enjoined from proceeding to enforce and collect such judgment.

This decree must be reversed.

It is true that equity has jurisdiction to relieve as against judgments at law, under certain conditions and circumstances.

"Chancery will not relieve against a judgment at law, on the ground of its being contrary to equity, unless the defendant in the judgment was ignorant of the fact in question pending the suit, or it could not have been received as a defense, or unless he was prevented from availing himself of the defense by fraud or accident, or the act of the opposite party, unmixed with negligence or fraud on his part." *Kinney* v. *Ogden, 3 N. J. Eq. 168.* The authorities in this state upon this question are collected and discussed by Vice-Chancellor Leaming in *Commercial Trust Co.* v. *Hamilton, 99 N. J. Eq. 492.*

In *Boulton* v. *Scott, 3 N. J. Eq. 231,* it is very properly held: "It is not the province of a court of equity to review the sentences or judgments of other tribunals to ascertain whether they have erred in the exercise of their judicial power and discretion in matters over which they had complete jurisdiction."

In *Mechanics National Bank* v. *Burnett Manufacturing Co., 35 N. J. Eq. 344; affirming 33 N. J. Eq. 486,* upon the opinion of the vice-chancellor this court held: "Courts of equity sometimes give relief against judgments at law, but only where it is shown that the defendant was ignorant of the facts on which his defense rests until after the time for

17

making defense at law had passed; or that he was prevented from making defense by the artifice or fraud of his adversary, or by accident unmixed by negligence or fraud on his part, or that his defense is a matter of pure equity cognizance. But in cases where the grievance he attempts to urge is one that the court which pronounced the judgment is competent to hear and decide, and he has either urged it there unsuccessfully, or has negligently omitted to do so, this court can give no relief."

Measured by these long and firmly established rules the cause presented by respondent's bill was such as to give the court below not even a semblance of jurisdiction, and the bill of complaint should have been dismissed. The proceeding in the court below assumed the character of a review of a judgment of a court of law, which right does not reside in the court of chancery.

To us there appears another reason why the decree appealed from is erroneous.

If the contract in question was the product of fraud respondent could so have pleaded in the law court action, as it was a defense there available to him.

This, however, he did not see fit to do, but did there plead, and under his oath testified that he never made such a contract. Upon his failure in the law court, under this defense he then came into equity, admitting that his evidence in the law court was untrue, and says that there was such an agreement, but that it is unfair and the result of fraud, and seeks the aid of a court of conscience in relieving him from the judgment at law.

Assuredly he came to the court of chancery with unclean hands, and relief for that reason should also have been denied him.

The decree below is reversed, with costs.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Van Buskirk, Kays, Hetfield, Dear, JJ. 14.