The motion is to strike the bill for want of equity. The bill sets up that the defendant recovered a judgment by default against the complainant in the Essex circuit; that he was at that time an infant and that the judgment was entered without a guardian ad litem having first been appointed by whom he could defend; that in December last he applied to the circuit court to open the judgment, which refused his request. He now asks this court to declare the judgment void, claiming that it injures his credit and financial standing.
It is elementary that an infant sues by next friend and defends by guardian.
The law court has jurisdiction to grant the relief. Simmons
v. Kelly, 39 N.J. Law 438. Jurisdiction continues though the term in which the judgment was entered has expired. In reKoehler, 102 N.J. Eq. 133. The refusal of the law court to grant the relief is not a ground for equity interference. Nugent v.Hayes, 94 N.J. Eq. 305. Equity is not a reviewing court of judgments at law. Raimondi v. Bianchi, 102 N.J. Eq. 254.
The bill presents no equities. Fraud in the procurement of the judgment is not alleged. It is not even charged that the defendant had notice of the complainant's incapacity.
The judgment is valid on its face and equity cannot void it because of failure of correct legal procedure in its entry. The bill has no appeal to equity. The complainant does not say he does not owe the debt — his only grievance is that he was an infant when he contracted it and that when sued he had no guardian to defend him. That presents strictly a legal question. The judgment was entered in 1922. How long since the complainant has been of age he does not say and the delay is unexplained. The law court was probably moved not to act because of laches. The delay also persuades equity not to move, if otherwise it would.
The case cited by complainant (Vansyckle v. Rorback, 6 N.J. Eq. 234) involved fraud — here there is none.
The bill is dismissed. *Page 260