Complainant issued to Louis Mandel its policy of insurance indemnifying him, within the limits thereof and for a period of one year from July 31st, 1930, against any loss from liability which may be imposed by law upon him for damages on account of any personal injuries or death, or injury to or destruction of property, which may be suffered by any one, other than himself, as a result of his ownership, maintenance or use of the automobile therein described.
This policy of insurance was subject to several conditions, one of which, "Condition C," provides:
"Whenever requested by the company the assured shall aid in securing information, evidence and the attendance of witnesses, in effecting settlements, in defending suits, and in prosecuting appeals. The assured shall at all times render to the company all co-operation and assistance within his power."
On July 7th, 1931, defendants Haidak and Weiss sued the assured for damages by reason of injuries which they sustained on July 3d 1931, as a result of his negligent operation of the automobile in question, wherein they were then riding by his invitation. That action, which was defended and tried by complainant's attorney on behalf of the assured, resulted in the rendition of verdicts and the entry of judgments on February 2d 1933, in favor of both plaintiffs and against the defendant therein. *Page 200 
An execution against the assured having been returned nullabona, defendants Haidak and Weiss thereupon brought a suit at law against complainant to recover from it the amounts of the respective unsatisfied judgments which they held against the assured. That action was based upon and brought in accordance with the so-called "bankruptcy or insolvency clause" found in the policy in question, which reads:
"The bankruptcy or insolvency of the assured shall not release the company from any payment, otherwise due hereunder and if, because of such bankruptcy or insolvency, an execution on a judgment against the assured is returned unsatisfied, the judgment creditor shall have a right of action against the company to recover the amount of said judgment to the same extent that the assured would have had to recover against the company had the assured paid the judgment."
On November 19th, 1931, defendant Niserholtz, a daughter of the assured, also brought suit against him for damages alleged to have been suffered by her on July 3d 1931, as a result of his negligent operation of the automobile in question and in which she, too, was then riding by his invitation. That action is still pending, not yet having been reached for trial.
On March 28th, 1933, complainant filed its present bill of complaint by which it seeks a cancellation of its said policy of insurance as of November 19th, 1931, and an injunction against the further prosecution of the law action instituted against it by defendants Haidak and Weiss upon the theory of an alleged fraud and breach of the so-called "co-operation clause" on the part of the assured. Defendants Haidak, Weiss and Niserholtz, have noticed complainant and now move to strike the bill of complaint urging as reasons therefor that it lacks equity, fails to disclose an equitable cause of action or one for equitable interposition and reveals the existence of an adequate remedy at law.
While it is sounded in fraud, the bill of complaint, however, fails to set out with certainty and particularity the facts from which the existence of the fraud may be reasonably deducted or inferred. In this respect, it must be held to be deficient *Page 201 
and violative of the letter and spirit of that well settled rule of equity pleading which is recognized and followed in Smith'sAdministrator v. Wood, 42 N.J. Eq. 563; Hageman v. Brown,76 N.J. Eq. 126, and Kuser v. Cooke, 112 N.J. Eq. 553.
Nor is this defect remedied or overcome, as complainant contends, by the mere allegations of "unlawful conspiracy" or "fraud" which are to be found in the bill, for as was aptly stated by Chief-Justice Beasley in Stephens ConditTransportation Co. v. Central Railroad of New Jersey,33 N.J. Law 229, "neither adjectives nor adverbs, no matter how numerous or sonorous, can fill the place of substantial statements." Nor will this court, as was pointed out by Chief-Justice Gummere inMarples v. Standard Oil Co., 71 N.J. Law 352, "in considering the sufficiency of the declaration * * * accept the conclusions drawn by the pleader," but will determine "for itself the legal force of those facts." Breese v. Trenton Horse Railroad Co.,52 N.J. Law 250; Clyne v. Helmes, 61 N.J. Law 358; Redmond v.Dickerson, 9 N.J. Eq. 507.
Although neither the accident nor the resultant injuries are claimed to have been feigned or to be the product of any covin or chicanery on the part of anyone, complainant, nevertheless, seeks to charge defendant Niserholtz and the assured with having perpetrated a fraud upon it. The reason or basis of this charge against them is the mere fact, as claimed by it, that the assured engaged a lawyer for his said daughter through whom she subsequently brought the now pending suit against her father to recover damages for her said injuries. Even assuming that the assured did engage this lawyer for his daughter, nevertheless I am unable to fairly deduce or infer therefrom that either of them thereby committed a fraud upon complainant. Nor am I able to subscribe to any such fantastic theory, principle or argument as is advanced by complainant in this respect. I am aware of no rule of law or morals which forbids a father — for a proper and legitimate purpose and in a proper and legitimate manner — to advise or help his own daughter in the prosecution or enforcement *Page 202 
of her lawful rights, even as against himself and even though he be insured against the result thereof.
Complainant also argues that, by engaging a lawyer for his daughter and testifying at the Haidak and Weiss suit to certain facts inconsistent with those contained in his preliminary statement to it, the assured, ipso facto, breached and violated the so-called "co-operation clause" of the policy and perpetrated a fraud upon it. Complainant so contends, although it neither claims nor charges that the assured's testimony was false or actuated by any wrongful, corrupt or sinister design or arrangement on the part of anyone to secure or afford to Haidak or Weiss any advantage, status or right to which they were not lawfully entitled, or to in anywise hinder or restrict complainant or its assured in the assertion or enforcement of any advantage, status or right which it or he was lawfully entitled to.
However, be that as it may — and I express no opinion thereon since none is necessary for my determination of the present issues — it, nevertheless, does not, as insisted by complainant, necessarily follow that this court should by reason of its inherent general jurisdiction over cases of fraud exercise it in the case sub judice. The fraud thus charged by complainant, even if any such can possibly be said to here exist, would at most be a legal as distinguished from an equitable fraud, and as such equally cognizable and remediable at law.
Moreover, it is no answer to this court's refusal to exercise jurisdiction that it is generally vested with such in all cases of fraud. However, it is an answer, and a forceful and irrefutable one, against its assumption of such jurisdiction that an adequate, efficient and complete remedy exists at law; especially where, as here, the law action was commenced prior to the equity suit. That equity is reluctant to exercise its inherent jurisdiction over fraud cases and will remain passive in those instances wherein it finds that the remedy afforded at law is adequate, efficient and complete, is a rule now firmly established and uniformly accepted by our cases. CommercialCasualty Insurance Co. v. Southern Security Co., 100 N.J. Eq. *Page 203 92; affirmed, 101 N.J. Eq. 738; Eggers v. Anderson, 63 N.J. Eq. 264; Polhemus v. Holland Trust Co., 61 N.J. Eq. 654;Krueger v. Armitage, 58 N.J. Eq. 357; Kueper v. Pyramid Bondand Mortgage Corp., 113 N.J. Eq. 376.
Complainant points to the assured's alleged breach of the "co-operation clause" of its policy and urges that as a further reason requiring the intervention of this court. This contention, however, is without merit. The right of action against complainant upon its said policy by anyone, other than the assured himself, is conferred, governed and controlled by its so-called "bankruptcy or insolvency clause." By its provisions that right of action is expressly limited "to the same extent that the assured would have had to recover against the company had the assured paid the judgment." Thus the rights of an unsatisfied judgment creditor of the assured, as against the complainant, are permitted to rise no higher than those which the assured himself could have, had he, instead of such judgment creditor, brought the suit to recover against the complainant.Hutt v. Travelers Insurance Co., 110 N.J. Law 57. In short, such a judgment creditor stands in the shoes of the assured. Inasmuch as the assured's breach of the "co-operation clause" is available to complainant as a defense to any action at law which the assured may bring against it for a recovery on the policy, it, of necessity, follows that it is equally available to and enforceable by it in any such action which may be brought against it by his unsatisfied judgment creditor. Hutt v. TravelersInsurance Co., supra; Coleman v. New Amsterdam Casualty Co.,247 N.Y. 271; 160 N.E. Rep. 367; Seltzer v. Indemnity InsuranceCompany of North America, 252 N.Y. 330; 169 N.E. Rep. 403.
Another cogent and potent factor here exists. It is that complainant did not institute its present action until after the action at law had been instituted against it by defendants Haidak and Weiss, to recover upon the very policy here sought to be canceled. Where, as here, concurrent jurisdiction exists in this and the law court in adjudicating the rights of the parties to the law action, the law court, having first acquired jurisdiction over the parties as well as the subject-matter of *Page 204 
the litigation, and being possessed of adequate power to administer complete justice between them, will be permitted to proceed without interruption or interference from this court to a final determination and conclusion of such litigation. City ofHoboken v. Hoboken and M. Railroad Co., 70 Atl. Rep. 926;Sprigg v. Commonwealth Title Insurance and Trust Co., 206 Pa. 348; 56 Atl. Rep. 33; In re Coursen's Will, 4 N.J. Eq. 408;Search's Adm'r v. Search's Administrators, 27 N.J. Eq. 137;McCartie v. Murphy, 83 N.J. Eq. 195.
I am not at all unmindful of the case of Hudson CasualtyInsurance Co. v. Garfinkel, 111 N.J. Eq. 70. An examination of that case will disclose that it was permitted to proceed to final hearing and conclusion without the sufficiency of the bill of complaint being ever assailed or the propriety of the exercise of this court's inherent general jurisdiction over fraud cases being ever challenged or even questioned and consequently is not controlling or in point with the case at bar.
From the facts and circumstances here existing, I am constrained to the conclusion that the exercise of jurisdiction by this court in the case at bar, under the existing facts and circumstances, will constitute an abuse rather than a use of its sound discretion. An order will, therefore, in accordance with the views herein expressed, be advised striking the bill of complaint. *Page 205