EPHRAIM DOWNS, complainant-respondent,

*v.*

JERSEY CENTRAL POWER AND LIGHT COMPANY, defendant-appellant.

[Argued May 22d, 1934.    Decided October 5th, 1934.]

*Mr. Thomas G. Haight* and *Mr. Walter L. McDermott,* for the appellant.

*Mr. Morris H. Cohn,* for the respondent.

The opinion of the court was delivered by

HEHER, J.

With the exception herein noted, we concur in the findings of fact made by the learned vice-chancellor, and his conclusion that complainant is entitled to equitable relief.

We do not, however, subscribe to the doctrine, enunciated in his opinion, that the parol evidence rule may be "applied or disregarded in courts of equity as the ends of justice required." It is elementary that if the written contract purports to contain the whole agreement, and it is not apparent from the writing itself that something is omitted to be supplied by extrinsic evidence, parol evidence to vary, contradict or add to its terms is inadmissible. When the parties to a contract have deliberately reduced their stipulations to writing, in such terms as import a legal obligation, without ambiguity or uncertainty as to the object or extent of their respective undertakings, it is conclusively presumed that every term of their contract was included in the writing. *Childs* v. *South Jersey Amusement Co., 95 N. J. Eq. 207.*

This rule obtains in equity as well as at law. It is a rule of substantive law, and not of evidence merely. But in the former jurisdiction fraud, mistake, surprise and accident furnish exceptions to this otherwise universal doctrine. To relieve against the consequences of the foregoing is one of equity's most salutary remedial functions, and, when a written contract is involved, parol evidence is always admissible to establish the basis for such equitable interposition. It is settled that in suits in equity to reform a written instrument on the ground of mistake, parol evidence is admissible to establish the fact of the mistake. This is likewise true of suits to rescind and cancel a written instrument, on the ground that, because of a mistake of one of the parties, their

minds did not meet upon the same matter, and no agreement was really made; and *a fortiori* when the ground of relief is fraud. *Runyon* v. *Farmers' and Mechanics' Bank of New Brunswick, 4 N. J. Eq. 480; Stoutenburgh* v. *Tompkins, 9 N. J. Eq. 332; Firmstone* v. *DeCamp, 17 N. J. Eq. 317; Waldron* v. *Letson, 15 N. J. Eq. 126; Wirtz* v. *Guthrie, 81 N. J. Eq. 271; Pom. Eq. Jur. (4th ed.)* §§ *858, 859, 1377.* Another apparent exception permits the introduction of parol evidence to show that a deed absolute on its face was intended to be a security, even though there was no fraud, mistake or accident. This is not, however, treated as an exception, but as entirely outside of the parol evidence rule. *Wilbur* v. *Jones, 80 N. J. Eq. 520; O'Brien* v. *Paterson Brewing and Malting Co., 69 N. J. Eq. 117; Pom. Eq. Jur.* § *1196.* And, on the same principle, consideration may also be inquired into by parol. *Dieckman* v. *Walser, 114 N. J. Eq. 332.*

Here the familiar jurisdiction of equity in cases of fraud is invoked. It is elementary that a court of equity has general jurisdiction in all cases of fraud. The sole question, in such cases, is the propriety of exercising this inherent power possessed by the court. When the primary right is legal, and the jurisdiction of the law courts is concurrent, and the remedy at law is adequate, certain and complete, equity will not ordinarily assume jurisdiction. But its right to do so cannot be questioned. *Commercial Casualty Insurance Co.* v. *Southern Surety Co., 100 N. J. Eq. 92; affirmed, 101 N. J. Eq. 738; Martin Co.* v. *L. Martin & Wilckes Co., 75 N. J. Eq. 39, 53* (reversed, but not as to this point, *Ibid. 257*) ; *Eggers* v. *Anderson, 63 N. J. Eq. 264; Hubbard* v. *International Mercantile Agency, 68 N. J. Eq. 434; Dawson* v. *Leschzimer, 72 N. J. Eq. 1; Mazzolla* v. *Wilkie, Ibid. 722; Krueger* v. *Armitage, 58 N. J. Eq. 357; 21 C. J. 109.* In a case such as this there may be cancellation of the contract. *Vreeland* v. *New Jersey Stone Co., 29 N. J. Eq. 188; affirmed, Ibid. 651; Roberts* v. *James, 83 N. J. Law 492; Pom. Eq. Jur.* §§ *110, 870, 1377.*

Moreover, the complaint stated, in the alternative, two inconsistent causes of action, *i. e.,* (1) the asserted right to recover the sum paid based upon the theory of rescission of

the contract for fraud; and (2) reformation and specific performance of the contract. Appellant apparently was in doubt as to the nature of his cause of action, and in this situation he was justified in so pleading. *Chancery rule No. 52.* There may be reformation where, either through a mistake common to both parties, or through the mistake of the complainant accompanied by the fraudulent knowledge and procurement of the defendant, the written instrument fails to express the real agreement or transaction. *Lloyd v. Hulick, 69 N. J. Eq. 784; Green. v. Stone, 54 N. J. Eq. 387; Ordway v. Chace, 57 N. J. Eq. 478; Pom. Eq. Jur. §§ 870, 1376.* It was entirely proper, in the one suit, to ask for reformation and specific performance of the contract as reformed. *Hendrickson v. Ivins, 1 N. J. Eq. 562; Wirtz v. Guthrie, supra; Segal v. Lesire Corp., 113 N. J. Eq. 198; Pom. Eq. Jur. §§ 861, 862, 866.* And it is the settled rule that, having properly assumed jurisdiction on any ground, equity will proceed to give the relief to which complainant is entitled.

Nor are we in accord with the view that, "by its acceptance of the complainant's subscription after knowledge of the inducing representation," defendant ratified the agent's acts. There was evidence making demonstrably clear the agent's authority to make the agreement of repurchase. Assuming the contrary, however, there was none tending to show any act by appellant that, under the circumstances, was tantamount to ratification.

Decree affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, BODINE, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, JJ. 9.

*For reversal*—PARKER, LLOYD, CASE, DONGES, KAYS, JJ. 5.