PALISADE GARDENS, INCORPORATED, a corporation, complainant-respondent,

*v.*

GRACE V. GROSCH, defendant-appellant.

[Submitted October term, 1936.   Decided January 28th, 1937.]

*Messrs. Lichtenstein, Schwartz & Friedenberg (Mr. Julius Lichtenstein* and *Mr. Howard Engel*), for the defendant-appellant.

*Messrs. Wall, Haight, Carey & Hartpence (Mr. William H. Carey*), for the complainant-respondent.

The opinion of the court was delivered by

BODINE, J.

The complainant quite properly obtained a permanent injunction in the court of chancery restraining the enforcement of a judgment at law. In September of 1929, one Connors, the assignor of the defendant, agreed with the complainant to purchase certain lands situate in this state. All the installment payments were made, but the purchaser refused to accept a deed, when tendered, because a suit was then pending in the United States district court, as appeared from a *lis pendens* then filed. It appears that this action was brought by a trustee in bankruptcy of a Mrs. Mulligan, an officer of the complainant company, who sought to obtain title to the lands in question.

After the refusal of the conveyance tendered, Connors assigned his interest in the purchase price he had paid to the defendant herein, who obtained a judgment in the Hudson circuit for the full amount thereof. The court overruled the defenses interposed by the complainant, in which it was sought to show that Mrs. Mulligan never had any title or interest in the premises; that Connors was an innocent purchaser and had entered into his contract to purchase without notice, knowledge, or information of any alleged interest in the bankrupt; that at the most any recovery in the federal action which would affect Connors' right would be limited to the sum of $48.77 paid after the *lis pendens* was filed. The federal court subsequently decided that the trustee had no right, title or interest whatever in the premises in question and discharged the *lis pendens*.

Prior to the determination in the federal court the complainant obtained an injunction in the court of chancery

restraining defendant from enforcing her judgment. Appellant challenges this restraint for several reasons, which we have considered, but find to be without merit.

It is not necessary to determine whether the defenses pleaded were good at law. If so, the defendant in that action could have taken an exception to the ruling of the trial court and could have tested the accuracy of the ruling by writ of error. But it was not obliged so to do. It could accept the ruling of the trial court as the law of the case and by so doing it was not estopped from invoking the aid of the court of chancery in establishing its equitable defenses. *Borcherling* v. *Ruckelshaus, 49 N. J. Eq. 340; Gallagher* v. *Lembeck and Betz Eagle Brewing Co., 86 N. J. Eq. 188.* If the defenses overruled in the law action were not there cognizable, the law court never had jurisdiction of the matter and the complainant was not deprived of its right to seek equitable interference with an unconscionable judgment. *Smalley* v. *Line and Nelson, 28 N. J. Eq. 348; Hughes* v. *Nelson, 29 N. J. Eq. 547.*

The appellant contends that a *lis pendens* of record affecting the lands under contract of sale as of the date of closing was a complete bar to the vendor's right to insist upon performance. The nature and character of the pending action is of more importance in a court of equity where, upon the execution of a contract for the purchase of lands the doctrine of equitable conversion applies and the purchaser becomes the equitable owner. *Haughwout* v. *Pomeroy, 22 N. J. Eq. 531.* The equitable rights of Connors, assignor of the defendant, were superior to those of the trustee in bankruptcy. The effect of the *lis pendens* was without substance in equity as subsequent adjudication demonstrated. The complainant's attorneys did not fail for want of valid reason to present its defenses for the attention of the law court as occurred in *Red Oaks, Inc.,* v. *Dorez, Inc., 120 N. J. Eq. 282.* The equities were duly presented and the ruling of the trial court was also accepted as the law of the case and relief was then promptly and properly sought in a tribunal vested with jurisdiction to do justice between the parties.

The decree appealed from is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.

*For reversal*—None.