The impending subject of consideration in this cause is the application of the complainants for an order restraining,pendente lite, the prosecution of an action at law.
It is evident that in April, 1942, Kays R. Morgan, the surviving member of the law firm practicing as Patterson, Rhome and Morgan, instituted an action in the Court of Common Pleas of Monmouth County in which he alleges that Charles Lewis, Jr. (the complainant in this cause), individually or in his representative capacity as executor under the will of Charles Lewis, deceased, is indebted to him in the sum of $15,800. In the action at law, it is averred that on August 15th, 1935, Lewis, Jr., expressly promised and agreed to pay to Morgan or his firm the sum of $30,000 for professional services rendered and to be rendered for Lewis in matters appertaining to the administration of the decedent's estate; that the services were performed and that pursuant to the agreement Lewis has paid $14,200 and has declined to pay the subsisting indebtedness of $15,800. As executor, Lewis has already filed an answer to *Page 345 
the complaint at law, but he has now individually and as executor united with other beneficiaries of the decedent's estate in filing the present bill.
Stated concisely, the bill relates the death of the testator, the qualification of the complainant Lewis as executor and the relationship of attorney and client between the firm of which Morgan was a member, and Lewis. It charges that in August, 1935, Morgan advised Lewis that payments for the professional services of the firm should be made periodically from the funds of the estate and a request for the immediate payment of $5,000 was made, whereupon Lewis sought merely to ascertain the estimated aggregate amount of such fees and Morgan informed him that the charges for legal services would not exceed $30,000. An express contract to pay this sum is denied by Lewis. However, it is averred that, heeding the instructions thus given him, Lewis disbursed from the funds of the estate to Morgan and his partner in all the sum of $14,400. On August 12th, 1936, Mr. Rhome died and it is alleged that thereafter Lewis experienced so much difficulty in obtaining consultative advice and instructions from Morgan that he was obliged to retain another attorney; that Morgan declined to aid in securing the approval of his fees by the Orphans Court upon submission of the executor's account and ultimately instituted the action at law to recover additional compensation for services which, it is asserted, were of little value.
The following paragraph of the bill is expositive of the alleged grievance of the complainants:
"24. By reason of the premises complainants charge the said Kays R. Morgan, in gross abuse and violation of the confidential relation between attorney and client, has fraudulently attempted and is still pursuing the fraudulent attempt to withdraw from scrutiny of a court the taking by him and his firm of $14,400 from said estate without due notice to all parties in interest and without the approval of the court obtained in the customary manner; and in furtherance of such fraudulent scheme has deliberately and wrongfully sought to spell out of a natural and innocent inquiry by the *Page 346 
executor as to what the estate would be expected to pay for legal services, an express contract to pay $30,000, on which he now attempts to sue."
The prayers of the bill are (1) that the defendants answer; (2) that the further prosecution of the pending action at law be restrained; (3) that the defendants account for the sum of $14,400 and "that an accounting be had to determine the amount justly earned by Rhome and Morgan for the services rendered by them."
At the argument, the defendant Morgan in his affidavit reasserted the existence of an express agreement which definitely specified the compensation he or his firm would receive for the services already rendered and thereafter to be rendered. Additionally it was proposed on his behalf (1) that the factual circumstances alleged in the bill are not sufficient to invoke the jurisdiction of this court, and (2) that the facts alleged do not warrant the withdrawal of the case from the court of law. No motion, however, is made to strike the bill.
The existence of a confidential relationship between an attorney and client has been recognized from the earliest times and it must now be acknowledged that the charges of an attorney are always subject to the scrutiny and review of this court.Brown v. Bulkley, 14 N.J. Eq. 451; Schomp v. Schenck,40 N.J. Law 195; Porter v. Bergen, 54 N.J. Eq. 405;34 Atl. Rep. 1067; Kelley v. Schwinghammer, 78 N.J. Eq. 437;79 Atl. Rep. 260; Raimondi v. Bianchi, 100 N.J. Eq. 448; 136 Atl. Rep. 320;reversed, 102 N.J. Eq. 254; 140 Atl. Rep. 584; Grimm v.Franklin, 102 N.J. Eq. 198, 204; 140 Atl. Rep. 236. Although a client agreed to the estimated amount of the fee to be charged, equity will investigate the fairness and reasonableness of the contract. Brown v. Bulkley, supra; Porter v. Bergen, supra;Kelley v. Schwinghammer, supra; Grimm v. Franklin, supra.
The bill is manifestly fashioned to invoke this constituent of equitable jurisdiction.
Moreover, the bill charges that the defendant Morgan has and is practicing fraud. This court has inherent jurisdiction in all cases involving fraud. Eggers v. Anderson, 63 N.J. *Page 347 Eq. 264; 49 Atl. Rep. 578; Commercial Casualty Insurance Co. v.Southern Surety Co., 100 N.J. Eq. 92; 135 Atl. Rep. 511;affirmed, 101 N.J. Eq. 738; 138 Atl. Rep. 919; PrudentialInsurance Company of America v. Merritt-Chapman, c., 111 N.J. Eq. 166,168; 162 Atl. Rep. 139, and the enlargement of the powers of the common law courts to include cognizance of such cases did not displace the inherent jurisdiction of courts of equity. Pridmore v. Steneck, 122 N.J. Eq. 35;191 Atl. Rep. 861.
Therefore, in cases of fraud the jurisdiction of this court is unquestionable, but the propriety of exercising it may in some circumstances be in suspense. The prior pendency of an action at law, the substantial right of jury trial, the adequacy and plenitude of the remedy at law and the special circumstances, if any, of the individual case are factors of primary significance in determining the propriety of assuming jurisdiction. NewAmsterdam Casualty Co. v. Mandel, 115 N.J. Eq. 198;170 Atl. Rep. 19; Downs v. Jersey Central Power and Light Co., 117 N.J. Eq. 138; 174 Atl. Rep. 887; Pridmore v. Steneck, supra;Metropolitan Life Insurance Co. v. Stern, 124 N.J. Eq. 391;2 Atl. Rep. 2d 51; Prudential Insurance Company of America
v. Cafiero, 126 N.J. Eq. 33; 7 Atl. Rep. 2d 882.
It is noticed that the bill does not allege (as well it might) that at the trial of the action at law the complainant might only be able to prove equitable fraud as distinguished from the conscious fraud necessary to a successful defense at law. Vide,Eibel v. Von Fell, 55 N.J. Eq. 670; 38 Atl. Rep. 201; Straus
v. Norris, 77 N.J. Eq. 33; 75 Atl. Rep. 980; Commercial CasualtyInsurance Co. v. Southern Surety Co., supra; Metropolitan LifeInsurance Co. v. Stern, supra; Metropolitan Life Insurance Co.
v. Tarnowski, 130 N.J. Eq. 1; 20 Atl. Rep. 2d 421.
Neither does the bill exhibit the contemplation that the evidence at the trial might be taken to establish a contract, in which eventuality the complainant, unable to prove conscious fraud on the part of the plaintiff, could only be relieved of liability by the rescission or cancellation of the agreement upon proof of equitable *Page 348 
fraud. In equity, fraud embraces all acts, omissions or concealments which involve a breach of legal or equitable duty, trust or confidence, justly reposed, and are injurious to another, or by means of which an unfair and unconscientious advantage is taken of another. Howard v. West Jersey, c.,Railroad Co., 102 N.J. Eq. 517; 141 Atl. Rep. 755; affirmed,104 N.J. Eq. 201; 144 Atl. Rep. 919. "The law courts not having as yet taken upon themselves to relieve against wrongs resulting from misrepresentations fraudulent in conscience only, courts of equity continue to perform that function." Commercial CasualtyInsurance Co. v. Southern Surety Co., supra. The complainants do not explicitly seek the aid of this court on any such grounds.
The question nevertheless survives — should this court in the exercise of its discretion assume jurisdiction of the controversy between these parties and restrain the further prosecution of the action at law?
It is not apparent that the estate of the decedent needs the protection of this court. It is, of course, the well settled rule that estates of deceased persons are not directly liable to those who have been employed by the executor or administrator to assist him in the performance of his duties of administration. Ordinarily and in the absence of some special agreement between them to the contrary, the executor or administrator who retains counsel to aid him in the administration of the estate, becomes obligated in his individual and not in his representative capacity to pay for such services and this is true even though counsel was retained and his services performed solely for the benefit of the administration of the estate. Doolittle v.Willet, 57 N.J. Law 398; 31 Atl. Rep. 385; 24 C.J. 66, 99, 740;11 R.C.L. 234.
However, broadly viewed, there are eventualities likely to result from the prosecution of the action at law, which can be now conceptually envisaged. The action against Lewis is not based on quantum meruit but stands solely upon the alleged express contract to pay a definite sum. The adequacy, fairness and reasonableness of the fees demanded are not presented for consideration. If the jury should resolve that *Page 349 
there was no such contract as alleged, the verdict, although favorable to Lewis, will not absolve him from, or determine, his liability, if any, upon an implied covenant to pay the reasonable value of the services performed. Thus a defense at law is not always relief. If, in the action at law, the existence of the contract should be established and the verdict should go against Lewis because of his inability to prove intentional and conscious fraud on the part of the plaintiff, Lewis may then resolve to apply to this court to restrain Morgan in personam from enforcing the judgment at law, asserting that legal fraud was unsuccessfully pleaded in the action at law and alleging that the contract upon which the judgment was obtained was procured by equitable fraud. Vide, Palisade Gardens, Inc., v. Grosch,121 N.J. Eq. 240; 189 Atl. Rep. 622; Metropolitan Life Insurance Co.
v. Tarnowski, supra.
The defendant Morgan in his affidavit deposes that he has importuned Lewis to initiate as executor some appropriate proceeding in the Orphans Court in which the counsel fees can be considered and approved and that Lewis has persistently ignored this request. It is therefore evident that the defendant Morgan is not solicitous of the particular forum in which his claim for compensation is adjudicated.
In view of all the existing circumstances, it seems apparent that a more comprehensive and dispositive adjudication of the rights and remedies of the parties can be had in this court. An order will be advised restraining the further prosecution of the action at law until the final hearing of this cause. *Page 350