This matter comes before the court on the return of an order to show cause why the defendant should not be restrained from prosecuting and asserting a defense heretofore made in an action at law and a motion by the defendant to strike the bill herein filed. The pertinent facts as elicited from the bill of complaint are as follows:
On June 15th, 1946, the complainants, upon the payment of the required premium to an agent of defendant, one Robert C. Altman, obtained a policy from the United States Casualty Company insuring them against certain stated losses by burglarly, larceny or theft, and also against other so-called "mysterious disappearance" losses of personalty resulting from the dishonesty or fraud of any of their employees. In the event of loss under the "mysterious disappearance" clause the insured were given the benefit of said policy, although they were unable to designate the specific employee or employees causing such loss, provided that the evidence submitted reasonably established that the loss was, in fact, due to the dishonesty or fraud of one or more of their employees. The policy further provided that written notice and proof of loss should be given to the company within fifteen days after the discovery thereof and that an itemized proof of loss duly sworn to should be filed with said company within four months after discovery thereof.
During the months of July, August and September, 1946, complainants allege that they sustained losses due to unidentifiable employees. When the first loss was discovered in July of 1946 the complainants promptly notified the agent of the defendant company, Robert C. Altman, who had sold them the policy, and requested instructions of said agent, who advised them that they very probably would sustain similar losses during the summer months and that a comprehensive report should be made when the full amount of such loss was determined. The bill of complaint further alleges that relying upon this advice of the agent of defendant company they did not present any further claim of loss to the agent until *Page 533 
October 15th, 1946, when they were informed by him that he would take care of the matter for them and present the claim to the defendant company.
On or about December 10th, 1946, said agent advised the complainants that the defendant company desired to retire from the risk and requested the return of the policy for cancellation.
On January 22d 1947, the complainants received a written request from the defendant company to submit a written proof of loss as a necessary prerequisite to consideration of the claim. In a letter dated February 18th, 1947, the defendant company notified the complainants that their claim was disallowed.
On or about April 14th, 1947, said complainants instituted suit in the Common Pleas Court of Atlantic County upon their policy for the recovery of the alleged loss. The defendant company thereafter filed an answer alleging as one separate defense as follows:
"The said plaintiffs failed to give written notice to this defendant at its home office as soon as practicable after the discovery by the said plaintiffs of the alleged loss mentioned and described in said complaint, and further failed to give notice thereof in writing to this defendant at its home office not later than fifteen (15) days after the discovery of said alleged loss; and, therefore, under the agreements, limitations and conditions precedent to any recovery under said policy, the plaintiffs are precluded from any recovery herein."
Thereupon complainants made application for an ad interim
restraint and order to show cause, both of which were allowed, and alleged further in their bill that:
"Complainants aver and charge that by reason of the facts herein recited the defendant is estopped to set up such a defense as the foregoing, the defendant's agent, Robert C. Altman, having by his actions lulled the complainants into a sense and feeling of false security, and it is unconscionable for the defendant to be permitted in the face of such conduct by its agent to set up such a defense in the action at law."
They further predicate their right to relief upon an assertion that this defense will preclude them from any recovery *Page 534 
since it is "an equitable fraud, not recognized in the courts of law * * *."
It is fundamental that where the primary right to be protected or redressed is legal, and full and complete justice can be had in a court of law, equity will not interfere even with the remedies peculiar to it, much less those administered both by it and by the law in the exercise of a concurrent jurisdiction.Bolte v. Rainville, 138 N.J. Eq. 508; 48 Atl. Rep. 2d191.
In Pridmore v. Steneck, 122 N.J. Eq. 35; 191 Atl. Rep. 861,
the court said as follows:
"Courts of equity have general jurisdiction in cases of fraud. While this was part of the ancient and exclusive original jurisdiction of the English courts of equity, and the enlargement of the powers of the common law courts to include cognizance of such cases did not displace that equitable jurisdiction (Slim
v. Croucher, 1 DeG., F. J. 518; 62 Eng. Ch. 401; 45 Reprint462), it is a principle now firmly embedded in our equity jurisprudence that where the primary right is legal, and the remedy invoked is likewise legal in character, and there is an adequate, certain and complete remedy at law, equity will not exercise its jurisdiction; it withholds relief in cases of fraud that are recognizable and fully remediable at law."
"The growth of the jurisdiction of the common law courts has, in consonance with the fundamental distinction between the two jurisdictions, placed corresponding curbs upon the exercise by courts of equity of the common jurisdiction. This does not constitute an absolute limitation of equity's original jurisdiction; it is rather in the nature of a mere restraint upon its exercise in accordance with the dictates of the distinguishing principle adverted to. The exercise of this concurrent equitable jurisdiction rests in the sound discretion of the court, guided by these principles, and depends upon the special circumstances of the individual case. Smith v.Krueger, 71 N.J. Eq. 531; Kuntz v. Tonnele, 80 N.J. Eq. 373,381."
There is no doubt that the Court of Chancery has jurisdiction in cases of this type and that such jurisdiction has *Page 535 
heretofore been exercised. As stated in Lewis v. Morgan,132 N.J. Eq. 343; 28 Atl. Rep. 2d 215:
"* * * the jurisdiction of this court is unquestionable, but the propriety of exercising it may in some circumstances be in suspense."
Although the jurisdiction of the common law court has been enlarged to include cognizance of cases involving fraud, this fact did not, in itself, displace the inherent jurisdiction of courts of equity. In Lewis v. Morgan, supra, the court said as follows:
"The prior pendency of an action at law, the substantial right of jury trial, the adequacy and plenitude of the remedy at law and the special circumstances, if any, of the individual case are factors of primary significance in determining the propriety of assuming jurisdiction. New Amsterdam Casualty Co. v. Mandel,115 N.J. Eq. 198; 170 Atl. Rep. 19; Downs v. Jersey CentralPower and Light Co., 117 N.J. Eq. 138; 174 Atl. Rep. 887;Pridmore v. Steneck, supra; Metropolitan Life Insurance Co. v.Stern, 124 N.J. Eq. 391; 2 Atl. Rep. 2d 51; PrudentialInsurance Company of America v. Cafiero, 126 N.J. Eq. 33;7 Atl. Rep. 2d 882."
It would appear that while equity will not ordinarily assume jurisdiction in fraud cases where the remedy at law is certain, adequate and complete, its right to do so is unquestioned. Equity will not act, however, unless the administration of justice will thereby be facilitated. The exercise of jurisdiction rests in the sound discretion of the court and depends upon the special circumstances of the individual case. Metropolitan LifeInsurance Co. v. Kaiser, 137 N.J. Eq. 95; 43 Atl. Rep. 2d677; Township of Ewing v. City of Trenton, 137 N.J. Eq. 109;43 Atl. Rep. 2d 813; Capraro v. Propati, 127 N.J. Eq. 419; 13 Atl. Rep. 2d 318.
Having disposed of the question of the jurisdiction of this court, it becomes necessary to ascertain whether there is an actual remedy at law open to these complainants.
There is a distinction between an implied agency and an apparent agency which estops a principal from denying such agency. An implied agency is an actual agency and an apparent *Page 536 
agency by estoppel is one in which the authority is not real but apparent. Frank v. Board of Education of Jersey City,90 N.J. Law 273; 100 Atl. Rep. 211; 2 C.J. Sec. 1045 and 1062; 2 Amer.Jur. 86.
The complainants, to succeed in their action at law, have properly analyzed their defense — an apparent agency by estoppel.
The complainants, as above noted, allege that the law courts will not recognize the defense of equitable estoppel. If they have any defense to the alleged failure to comply with the terms of the insurance policy relating to written notice it must arise as an equitable estoppel or estoppel in pais. In New JerseySuburban Water Co. v. Harrison, 122 N.J. Law 189; 3 Atl. Rep.
2d 623, the court said as follows:
"In modern usage, equitable estoppel and estoppel in pais are convertible terms, embracing also quasi-estoppel. They embody the doctrine, grounded in equity and justice, that one shall not be permitted to repudiate an act done or position assumed where that course would work injustice to another who, having the right to do so, has relied thereon. An estoppel arises `where a man is concluded and forbidden by law to speak against his own act or deed; yea, even though it is to say the truth.' Termes de laLey, tit. "Estoppel," cited in Demarest v. Hopper, 22 N.J.L. 599,619. It is operative where a person `has done some act which the policy of the law will not permit him to gainsay or deny.' 1 Greenl. Evid. (16th ed.) ch. VI, § 22. See, also,Blk. Com. 308. While the creature of equity, and governed by equitable principles, it is a doctrine enforceable in courts of common law jurisdiction. LaRosa v. Nichols, 92 N.J.L. 375;Central Railroad Co. v. MacCartney, 68 Id. 165. It is of the essence of equitable estoppel that one is precluded from taking a position inconsistent with that previously assumed and intended to influence the conduct of another, if such repudiation `would not be responsive to the demands of justice and good conscience,' in that it would effect an unjust result as regards the latter.Rothschild v. Title Guarantee and Trust Co., 204 N.Y. 458;97 N.E. Rep. 879; 41 L.R.A. (N.S.) 740. *Page 537 
"To work an estoppel, it is not requisite that a fraudulent intent be shown. Actual fraud is not an essential ingredient. If the conduct works an unjust or inequitable result to the person it was designed to influence, the doctrine is applicable.Rothschild v. Title Guarantee and Trust Co., supra.
"The point is also made that the utility `received no consideration' for the stipulation adverted to, and the doctrine of estoppel is therefore not invocable. But equitable estoppel is not grounded in the principles of contract. It is designed to prevent fraud and injustice, and needs no consideration for its operation. `It is not necessary that an equitable estoppel rest upon a consideration or agreement or legal obligation.'Rothschild v. Title Guarantee and Trust Co., supra."
The estoppel as defined in New Jersey Suburban Water Co. v.Harrison, supra, peculiarly meets all of the alleged facts here present.
There is no doubt that at the present state of the law, although a creature of equity, the doctrine of estoppel in pais
and equitable estoppel is enforceable in courts of common law jurisdiction. See, also, Gural v. Engle, 128 N.J. Law 252;25 Atl. Rep. 2d 257; McSweeney v. Equitable Trust Co.,127 N.J. Law 299; 22 Atl. Rep. 2d 282.
Complainants herein fail in their allegation that they are barred from raising the doctrine of equitable estoppel not predicated upon actual fraud in the law court. They can obtain the full relief to which they feel they are entitled from the law court in which they have commenced their action.
It is to be further noted that the primary right, interest or estate is legal, i.e., the question of the right to recovery upon the policy of insurance, and although the jurisdiction of equity and the law courts might be concurrent on the subsidiary phase of the controversy, it is not concurrent on the primary phase of the litigation. In Capraro v. Propati, supra, the court said (at p. 430), as follows:
"And it is also the settled general rule that, where the primary right, interest, or estate is legal, and the jurisdictions of law and equity are concurrent, `the one which first takes actual cognizance of any particular controversy ordinarily becomes thereby exclusive.' Where in such circumstances an *Page 538 
action at law pends, `a court of equity will not, unless some definite and sufficient ground of equitable interference exists, entertain a suit over the same subject-matter even for the purpose of granting reliefs peculiar to itself, such as cancellation, injunction, and much less to grant the same kind of relief which can be obtained by the judgment at law. The grounds which will ordinarily prevent the application of this doctrine, and will permit the exercise of the equitable jurisdiction in such cases, are the existence of some distinctively equitable feature of the controversy which cannot be determined by a court of law, or some fraudulent or otherwise irregular incidents of the legal proceedings sufficient to warrant their being enjoined, or the necessity of a discovery, either of which grounds would render the legal remedy inadequate.' Pom. Eq. Jur. (4th ed.), § 179."
As a matter of fact, this court will hesitate to remove from the jurisdiction of the law courts and relegate to itself a controversy which is essentially legal and for the determination of which the parties are entitled to a determination of the facts by a jury. The relief here sought is secondary to the primary relief sought by the complainants in a forum of their own choice, the law courts. The complainants herein have an adequate remedy at law under the recognized principles of agency.
Therefore, since the primary right here involved is legal and since these complainants have an adequate remedy at law — the forum of their original selection — and since they have failed to demonstrate the existence of any special ground requiring the interposition of the Court of Chancery for the enforcement of a distinctively equitable feature of their controversy, the complainants' application is denied and defendant's motion to strike is granted. *Page 539