This case is before the court on motion to strike the bill and upon the agreement of all parties that the facts contained in the bill of complaint and the affidavits annexed thereto shall be accepted by the court as the facts on final hearing.
The complainants are preferred stockholders of the defendant Jersey Central Power and Light Company. The defendants are also preferred stockholders of the defendant company. The individual defendants have instituted various suits and actions in this court and at law with respect to an agreement alleged to have been made by agents of the defendant company at the time the said defendants purchased their stock that the defendant would repurchase it at any time at par, or in some cases at ninety-eight. The object of the complainants' bill is to enjoin the further prosecution of those suits and to declare the said agreements invalid and unenforceable.
The issued and outstanding stock of the defendant company consists of seventy-nine thousand one hundred and eight shares of the five and one-half per cent. series, seven thousand three hundred and three shares of the six per cent. series, seventy-one thousand shares of the seven per cent. series, or a total of two hundred twenty thousand four hundred and forty-one shares of the par value of $100, or a total outstanding value of $22,041,100. A substantial part of the company's preferred stock was sold and distributed to its consumer customers and the sale was conducted through its employes in the territory which the company served. It is claimed that in making such sales the employes represented that the company would repurchase at any time at par and in some cases at ninety-eight. Such agreements were not authorized by the certificate of incorporation, nor were they made by any authorization of the board of directors of the company, or with the knowledge and consent of the complainants or of other preferred stockholders who purchased their preferred stock in the open market through the usual channels. The preferred stockholders who are not in the consumer customer class purchased their shares of stock on the faith of the representations contained on the stock certificate and in the charter *Page 298 
of the defendant company. The certificate of incorporation provides that the preferred stockholders are all of the same class with equal rights and privileges, except as to rate of dividend in accordance with the series issued and terms of redemption, dissolution, distribution of assets and sinking fund requirements. There is no provision that certain shares of preferred stock shall be repurchased by the company at par and others in the same class shall not.
Some twenty-one suits are pending to enforce agreements to repurchase. Numerous other preferred stockholders have made demands and have threatened suit. The holders of approximately $8,000,000 worth of preferred stock in customer ownership are the subject of a claim of a similar agreement to repurchase. The enforcement of said contracts to the extent of $8,000,000 or any substantial part thereof will impair the capital of the company to the detriment of its creditors and of the other preferred stockholders and will impair the defendant company's ability to carry on its public duties as a public utility.
That a corporation has the power to contract to repurchase its stock is well settled in this state, provided the contract to repurchase is for a "legitimate corporate purpose" (Chapman v.Iron Clad Rheostat Co., 62 N.J. Law 497; Berger v. UnitedStates Steel Corp., 63 N.J. Eq. 809; Oliver v. Rahway Ice Co.,64 N.J. Eq. 596; Hoover Steel Ball Co. v. Schaefer BallBearings Co., 90 N.J. Eq. 164; Wolff v. Heidritter Lumber Co.,112 N.J. Eq. 34; Iback v. Elevator Supplies Co., 118 N.J. Eq. 90), and provided that at the time of the purchase the company has sufficient assets to pay its creditors in full and provided the purchase is not made in disregard of the equitable rights of other stockholders. Wolff v. Heidritter Lumber Co., supra.
While the defendant company has a surplus of approximately $1,680,000, to enforce all of the alleged agreements to repurchase its preferred stock would clearly impair the rights of the creditors of the company. Moreover, it should be observed that this surplus is not a free cash fund, but the surplus is invested in the defendant company's utility properties. *Page 299 
The complainants and all other preferred stockholders who purchased their stock in the same manner, were induced to buy their stock upon the express representations of defendant company (contained in the certificate of stock and in the certificate of incorporation of the defendant company), that the rights of all preferred stockholders were equal, with the exception of rate of dividend in the various series, c., and upon the strength of those representations they parted with their money and the defendant corporation expressly bound itself to maintain that status of equality between all of the preferred stockholders, and the complainants, upon purchasing their stock, became entitled, in equity, to have that status preserved. If in disregard of the rights of complainants and other preferred stockholders, the corporation entered into an agreement with others whereby it agreed to repurchase preferred stock at par, without the knowledge and consent of the remaining preferred stockholders, the effect in equity is to destroy that equality which the preferred stockholders have an equitable right to have maintained, since it affords to some the right to convert their stock into cash, which right is denied to others in disregard of the equitable rights of the other stockholders. The equitable rights of the preferred stockholders, situated such as are the complainants, are as sacred as the rights of the preferred stockholders whose stock the corporation, in breach of its contract with the body of the preferred stockholders, may have agreed to repurchase. If one group is permitted to rescind the transaction whereby they purchased their stock, then the other group should equitably be entitled to the same relief. The necessary effect of permitting all to rescind would be to impair the capital of the company, to render the company unable to pay its creditors in full, effect a return or withdrawal of the capital of the company contrary to section 30 of the General Corporation act, and what is more important to disable it from performing its functions as a public utility. Under such circumstances, to grant relief to one group of preferred stockholders and deny it to the others would permit one to have an unjust advantage over the other. *Page 300 
The situation now before this court is essentially different from that with which the court was confronted in Downs v.Jersey Central Power and Light Co., 115 N.J. Eq. 348; affirmed,117 N.J. Eq. 138.
The defendants should be enjoined and a decree to that effect is advised.